Danforth, J.
 

 The plaintiff’s cause of action arose in the state of Missouri. The defendant is a foreign corporation, and there has been no designation by it of any person upon whom service of process may be made in the state of New York. One Charles Oberg is described in the defendant’s circulars and time tables, and in its list of “ officers and agents,” as its “ General Agent, Passenger Department, 261 Broadway, New York,” and of himself says he has charge “ of the correspondence and business matters relating to carriage of passengers, but has notMng to do with the freight department.” The place described as 261 Broadway is on a street corner. It has windows on Broadway and others on Warren street. They are inscribed “ Chicago & Alton Railroad.” “Freight and Passenger Agency, Chicago & Alton Railroad.” “Chicago & Alton Railroad Office.” These signs are several times repeated and plainly indicate that the office is a general office for the transaction of general railroad business in connection with the defendant's road, the carriage of passengers and freight constituting its entire business. The summons and complaint in tMs action were served on Oberg.
 

 The defendant moved to set aside the service of the summons and complaint “upon the ground that the person to whom the same was delivered was not a person upon whom any service
 
 *441
 
 is authorized by statute.” The court, at special term, held the service to have been well made, and upon the proper person, saying, “ Oberg was a managing agent within the- meaning of. that term as used in the Code,” but granted the motion for the reason that “ it is not shown that the defendant now has, or at the time of the service had any property within the state.” Upon appeal, the general term reversed the order of the special term and denied the motion, the learned court considering both questions. It will be seen, therefore, that both courts agree that Oberg was at the time of service a managing agent of the corporation, the general term holding also that the corporation was shown to have property within the state.
 

 The Code, § 432, provides “that personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof,” (1) “to the president, treasurer, or secretary; or, if the corporation lacks either of those officers, to the officer performing corresponding functions under another name.” (2) To a person designated for the purpose, in the manner therein prescribed. (3) If there is no such person as those named in the preceding subdivisions within the state, “ and the corporation has property within the state, or the cause of action arose therein, to the cashier, or director, or a managing agent of the corporation within the state.”
 

 It being conceded that the cause of action did not arise in this state, we are to inquire whether (1st) the corporation has property within this state. As to that, there are positive averments in the plaintiff’s papers, both general and specific; general, that it has property within the state, and specific, pointing out office furniture, tickets and other arricies in its office, and cars for transportation. (2nd) Whether Oberg, within the meaning of the Code,
 
 supra,
 
 was a managing agent. The defendant, like other railroad corporations, necessarily has not only directors, a treasurer and secretary, but other officers and agents. By these persons, or, under their direction, by others, the business of the company is conducted. From the very nature of a body corporate, service of process cannot be personal, and at common law it was made by serving it on a proper officer, so it might come to the knowledge of the company, and then proceeding by distress. 1 Tidd’s Frac., 121.
 

 Under the statute
 
 (supra)
 
 the same object was in view, and where the corporation has an office in this state where a substantial portion of its business is transacted by a person designated by itself as a general agent, although followed by words indicating some one department, it may safely be assumed that the object of the statute will be accomplished. It of course intends a “ managing agent ” in this state, and where a corporation created by the laws of any other state does business in this state, the person who, as its agent, does that business, should be considered its managing agent, and more especially should that be so where the foreign corporation has an office or place of business in this state, and when that office is in charge of that person, and hd
 
 *442
 
 there acts for the corporation. He is there doing business for it, and so manages its business. Such person is in every sense of *he words used in the statute a “ managing agent.” Corporations -of this description have become very numerous. They carry on -an extensive business in this state. They may sue in our courts and may be required to answer as defendants in the same tribunals, and if they have notice to do so in the simple and summary manner prescribed by statute, the ends of justice will be attained. It was the duty of Oberg, the person served, to send the papers he received to his principal, and it was his declared intention to •do so. It was in fact done, and the defendant appears, not to answer to the suit, but to complain of the insufficiency of service. We think the objection unavailing. The order in this case is not only directly sustained by the case of
 
 Palmer
 
 v.
 
 Pa. Co.,
 
 35 Hun, 369, but is within the principle on which
 
 Hiller
 
 v.
 
 B. & M. R. R. Co.,
 
 70 N. Y., 224, and
 
 Pope
 
 v.
 
 Terre Haute Car Mfg. Co.,
 
 87 id, 137, were decided So far as the cases cited by the appellant hold a contrary doctrine, they cannot be approved. To limit service by requiring the person served, in case of an action against a railroad corporation, to be one who controls “ the general and practical operations and business of running its road,” would so restrict the meaning of the statute as to render it useless. Such an agent would naturally find his occupation and engagement in the state where the road was domiciled or operated, and if his identical presence in this state subjected him to process as representing the corporation it cannot be supposed that the legislature intended to confine the remedy to him alone.
 

 The order appealed from should be affirmed, with costs.
 

 All concur.