UNITED STATES v. BEDOUIN S. S. CO., Limited.

(District Court, S. D. New York. November 9, 1908.)

ADMIRALTY (§ 46*)—PROCESS—SERVICE.

The service here was made upon the parties who represented the owner of a vessel in her chartering to the government and in the prosecution of a claim against it. *Held*, that the service was sufficient.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 46.*]

(Syllabus by the Judge.)

Wallace, Butler & Brown, for the motion.

Henry L. Stinson, U. S. Atty., and Harold S. Deming, Asst. U. S. Atty.

ADAMS, District Judge. This is a motion to vacate and set aside the service of a citation alleged to have been served upon the respondent. It appears that an action was commenced by the United States against the Bedouin Steamship Company to recover damages arising through the breach of a contract entered into between the parties August 20, 1900, for the chartering and use of the steamship Arab, the property of the respondent, which was warranted by the respondent to be, and to be kept, tight, staunch and strong and well and sufficiently manned and equipped for merchant or transport service. It is alleged by the libellant that by reason of the steamer's unfitness for service, disbursements amounting to $7,444.27 were necessarily made and that it is also entitled to recover back charter money paid to the extent of $4,852.08. Upon this complaint process was duly issued and served by the marshal upon Paul Gottheil, one of the members of the firm of Funch, Edye & Co., "as agents for the Bedouin Steamship Co., Ltd."

The motion in question was then made, based upon an affidavit, dated October 5, 1908, of the said Gottheil, which stated as follows:

"Deponent further says that the business of the said firm with reference to the steamer Arab was confined to negotiating and, as broker or agent, effecting a charter party between the United States of America as charterer, and the Bedouin Steamship Navigation Company, Limited, as owner of the steamer Arab. The connection of deponent's said firm terminated upon the execution of the charter party aforesaid, except that deponent's firm from time to time, as an act of courtesy, remitted to the Bedouin Steamship Navigation Company, Limited, certain installments of charter hire which were remitted to deponent's said firm by William Lamb, by whom, as deponent is informed and believes, said installments of charter hire had been collected from the United States Government.

Deponent further says that his said firm has had no other relations with the Bedouin Steamship Navigation Company, Limited, except with reference to the chartering of the Arab and certain other vessels of said company, and has had no relations of any kind for about three years last past. Deponent's firm is not now and, except as aforesaid, never has been an agent or authorized to act in any capacity for or on behalf of the Bedouin Steam Navigation Company, Limited.

Deponent further says that the process herein was served upon him personally as a member of his said firm on the 29th day of September 1908, and that neither deponent nor his said firm then had or ever has had at any time authority to accept service of process in any action against the Bedouin Steamship Navigation Company, Limited."

An opposing affidavit, made by the assistant district attorney, and dated October 12, 1908, was filed on behalf of the libelant as follows:

"On information and belief, that upon the due filing of the Libel in this case a citation issued out of this Court and was served upon Funch, Edye & Co. as alleged agents of the Bedouin Steamship Company, Ltd., of Liverpool, England, the Respondent in this case.

Deponent further says, on information and belief that the claim of the libellant in this case is based upon transactions and disagreements arising out of a charter party entered into in 1900, and renewed in 1901, between the said Libellant and the said Respondent, in the execution of which charter party, Funch, Edye & Co. acted as agents for the said Respondent.

That on October 13, 1902, Funch, Edye & Co., by Paul Gottheil, duly executed and delivered to Hopkins & Hopkins of Washington, D. C., a power of attorney (a copy of which marked 'A' is hereto annexed and to which, for greater certainty, deponent begs leave to refer, in which the said Funch, Edye & Co. declare themselves to be the agents of the aforesaid Respondent, and constitute the said Hopkins & Hopkins their attorneys for the prosecution of a claim of the said Respondent against the said libellant, arising out of the aforesaid charter party, under which power of attorney the said Hopkins & Hopkins have prosecuted the said claim in the present time.

That April 4, 1903, the Auditor for the War Department received an itemized statement of the said claim, signed and certified, 'Funch, Edye & Co., Agents for the Bedouin Steam Navigation Company.'

That in June and July, 1903, the aforesaid Libellant by its proper agents presented a cross claim against the aforesaid Respondent, said claim arising out of the aforesaid charter party.

That July 3, 1903, the said claim of Funch, Edye & Co. was disallowed by the Auditor for the War Department, and the said cross claim of the said Libellant confirmed.

That April 18, 1904, Funch, Edye & Co., by Hopkins & Hopkins, their attorneys, took an appeal to the Comptroller of the Treasury.

That June 18, 1904, this appeal was in substance denied, and the aforesaid cross claim of the United States in substance affirmed.

That November 23, 1907, the Treasury Department of the United States made demand of Hopkins & Hopkins, as attorneys of record, for settlement of the aforesaid cross claim of the United States.

That January 7, 1908, Hopkins & Hopkins, replied that 'relative to a balance alleged to be due the Government from the Bedouin Steam Navigation Co., owners of the S. S. "Arab," Funch, Edye & Co., agents, we beg to state that the Company does not regard the statement of account rendered by the accounting officers of the Treasury as proper, and, believing on the other hand that the government is, in reality, indebted to it, it declines a settlement upon the basis demanded.'

That for this cross claim, still unpaid, the present Libel has been filed.

Deponent further says, that the ground of his belief and the sources of his information are duly certified copies of papers on file in the Departments of the Government. That the reason this affidavit is made by deponent and not by the Libellant is that the Libellant is a corporation sovereign."

The power of attorney mentioned above is as follows:

"From the office of
  Hopkins & Hopkins
    Counsellors at Law,
      Washington, D. C.

Be it known that we, Funch, Edye & Company, of New York, Agents for the S. S. 'Arab', and the Owners thereof, have made, constituted and appointed and by this instrument do hereby make, constitute and appoint Hopkins & Hopkins, of Washington, D. C., our true and lawful attorneys and agents for the prosecution of the claim of the owners of said Steamship against the United States, arising out of the charter of said steamship by the Quartermaster's Department, War Department, during the year 1900–1901,

giving and granting to our said Attorneys full power and authority to do and perform all matters and things pertaining to said claim as fully and completely as we might or could do if personally present at the doing thereof.

We witness our hands and seal this 13th day of October,. 1902.

Funch, Edye & Co.,.

By Paul Gottheil.  [Seal.]"

Thereafter the said Gottheil made another affidavit, dated October 19, 1908, as follows:

"Paul Gottheil, being duly sworn says that he is now and during all of the times mentioned in the libel. was a member of the firm of Funch, Edye & Co.. and that he is familiar with all the business dealings between the Bedouin Steam Navigation Company and Funch, Edye & Co.

The firm of Funch, Edye & Co., neither have, nor had any general power or right to represent or act for or in the name of the Bedouin Steam Navigation Company, and Funch. Edye & Co., were never advertised or held out to be such agents. Funch, Edye & Co., acted solely as brokers, and in no case was any vessel belonging to the Bedouin Steam Navigation Company chartered through Funch, Edye & Co., without the proposed terms being first submitted to the Bedouin Steam Navigation Company and being by them approved. Other chartering brokers in the City of New York had, and now have the same privilege exercised by Funch, Edye & Co., that is to say, the privilege of submitting terms for proposed charter parties to the Bedouin Steam Navigation Company, and on receiving word that such terms are approved by the Bedouin Steam Navigation Company of effecting the charter party. It is not unusual for a broker effecting a charter party to receive payments from the charterer and forward same to the owner.

Deponent further says, on information and belief. that at all the times mentioned in the libel, the Bedouin Steam Navigation Company was, and now is a foreign corporation not engaged in any trade or business beyond chartering vessels owned by it. That all the vessels owned by said Bedouin Steam Navigation Company are. and at all the times mentioned in the libel have been 'tramp' steamships.

That since the chartering of the 'Arab' by the United States of America, another firm in the City of New York has effected a charter party or charter parties for and in the name of the Bedouin Steam Navigation Company.

Deponent further says that Funch, Edye & Co., have never had any interest in the claim of the Bedouin Steam Navigation Company against the United States of America. This claim belonged to the Bedouin Steam Navigation Company, and in prosecuting same, Hopkins & Hopkins at all times acted as the attorney of the Bedouin Steam Navigation Company and not of Funch, Edye & Company."

Thereafter an affidavit was made by Sherburne G. Hopkins, dated October 28, 1908, as follows:

"Sherburne G. Hopkins. of Washington, D. C., deposes and says that I am, and for the ten years last past have been a member of the firm of Hopkins and Hopkins: that I am familiar with the relations between the firm of Hopkins & Hopkins and the Bedouin Steam Navigation Company. Ltd., in connection with the conflicting claims arising out of the chartering of the steamship 'Arab' by Quartermaster's Department, United States Army; and that in December, 1901, or January, 1902, we were employed by George F. Mason, Esq., an officer of the Bedouin Steam Navigation Company, Ltd., who had come to Washington for the purpose of conferring with us in reference to prosecuting the claim of the owners of the steamship 'Arab' against the United States. Funch, Edye & Company took no part in the conference between Mr. Mason and Hopkins & Hopkins. We understood at that time, and still consider that we were employed by, and at all times acted for the Bedouin Steam Navigation Company, Ltd. The power of attorney, dated October 13, 1902. purporting to authorize us to prosecute the claim of the owners of the steamship 'Arab' against the United States, was subsequently executed, after the Auditor for the War Department had questioned our authority to prose-

167 F.—55

cute this claim, in the absence of a power of attorney, and we believe Funch, Edye & Company executed such pursuant to special authority conferred for that purpose upon them by the Bedouin Steam Navigation Company, Ltd."

The libellant cites In re Hohorst, 150 U. S. 653, 663, 14 Sup. Ct. 221, 225, 37 L. Ed. 1211. At the latter page it was said:

"The firm of Kunhardt & Co. being the financial agents of the corporation, the office of the firm being in the City of New York, and being the office of the corporation for the transaction of· its monetary and financial business in this country, the service of the subpoena in New York upon the head of the firm as general agent of the corporation was a sufficient service upon the corporation. St. Clair v. Cox, 106 U. S. 350, 359, 1 Sup. Ct. 354, 27 L. Ed. 222; Société Foncière v. Milliken, 135 U. S. 304, 10 Sup. Ct. 823, 34 L. Ed. 208; Mexican Central Railway v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859, 37 L. Ed. 699; New York Code of Civil Procedure, § 432; Tuchband v. Chicago & Alton Railroad, 115 N. Y. 437, 22 N. E. 360."

It does not seem that the above authority applies to this case. There the parties served were the general monetary agents of the defendants, who conducted a regular shipping business of considerable importance at New York, while in this case the steamship company had no regular place of business at this port. The affidavits do show, however, that Funch, Edye & Co. in an instrument appointing agents for the collection of a claim on the part of the owners of the Arab arising under the charter party of that steamer, styled themselves "Agents for the steamship Arab and the owners thereof." In considering this claim, the proper officers of the Government found that there was nothing due to the claimant, but on the contrary that the Bedouin Company owed the United States. The claims arose out of the same transaction, namely, the chartering of the Arab by the Government from the Bedouin Company, and Funch, Edye & Co., while having pressed the claim of the Company it represented and acted in the collection of the hire due for the services of the steamer, and while still maintaining the validity of the claim against the Government, refuses to recognize the claim of the Government against the Bedouin Company. It would seem to be unreasonable that they should be permitted to act against the Government in matters pertaining to the steamer and at the same time be allowed to say that they are not the agents of that company when a claim is made against it arising out of the same transaction. I think it must be held· that they were the agents of the company for the purpose of service of process. The statements in the affidavit of Mr. Hopkins, supra, when read in connection with the other affidavits in the matter, only tend to show a confirmation by the Bedouin Company of the acts of Funch, Edye & Co., when acting as its agents, in appointing Hopkins & Hopkins to prosecute its claim against the Government.

The motion is denied.