JAROWSKI v. HAMBURG–AMERICAN PACKET CO.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

No. 273.

1. COURTS (§ 274*)—FEDERAL COURTS—DISTRICT OF SUIT—FOREIGN OR ALIEN CORPORATION.

A foreign or alien corporation, operating an Atlantic steamship line, could be sued for injuries to a passenger, who was a citizen of New Jersey, in a federal Circuit Court sitting in New York; the provisions of the judiciary act as to the district of suit having no application to a suit against an alien or foreign corporation, which may be sued by a citizen in any state where valid service can be had.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 274.*

Jurisdiction over corporations, see note to St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174.]

2. SHIPPING (§ 166*)—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Where plaintiff, a passenger on an ocean steamship, was injured by the giving way of a part of her berth while she was attempting to get into it, by climbing up from the lower berth, in the absence of a ladder, the shipowner's negligence and plaintiff's contributory negligence were for the jury.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 550, 551; Dec. Dig. § 166.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Beckie Jarowski against the Hamburg-American Packet Company. From a judgment for defendant, entered on a directed verdict at the close of the testimony, plaintiff brings error. Reversed.

Jacob Manheim, for plaintiff in error.

Moore, Wallace & Dudley (A. Leonard Brougham, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The plaintiff was injured while being carried on defendant's steamship Columbia from New York to Hamburg in May, 1902, as a steerage passenger. She testified that she was assigned to an upper berth and got into it by placing her feet on the lower berth and lifting herself into the upper berth with her hands on the upper rail or guard. This she did every day until Monday afternoon, May 12th, when, in attempting to climb into her berth, the front piece fell down and she was thrown to the deck with the iron guard rail on top of her. She further testified that there was no ladder in the room to enable passengers to get into the upper berths.

At the close of the plaintiff's case a motion to dismiss the complaint was denied. The court said:

"If a carrier holds himself forth as a carrier of passengers, that imposes upon him a very high measure of care, not only in the furnishing of the appliances necessary for the carrying of passengers, but also in the care and maintenance and the proper fitting and placing of those good appliances. Now, in favor of the passenger, if it be shown that the unexpected, the unusual, that which does not ordinarily happen when good care is taken, did nevertheless happen, it is a case of res ipsa loquitur. * * * The matter with the berth was that when she performed a perfectly usual, reasonable and everyday act, namely, using the structure of the berth for the purpose of climbing into the upper berth, it gave way."

The defendant introduced testimony contradicting the plaintiff and tending to show that the plaintiff was assigned to a lower berth and occupied the upper berth without permission, that there was a ladder in the immediate vicinity intended for the use of passengers using the upper berths and that the plaintiff in climbing into her berth must carelessly have lifted the guard from its sockets. The foregoing brief statement sufficiently indicates the nature of the cause of action and the defense.

During the plaintiff's rebuttal testimony it developed that she was a citizen of New Jersey. At the close of the testimony the defendant again moved for a dismissal of the complaint upon four grounds:

First: That the court had no jurisdiction.

Second: That the plaintiff had failed to prove a case against the defendant.

Third: That the plaintiff had been guilty of contributory negligence.

Fourth: That no negligence had been shown on the part of the defendant.

The court refused to dismiss the case on the merits and adhered, with some hesitation, to his former ruling that there was sufficient

testimony to carry the case to the jury and that the questions of negligence were for them. He, however, held that, as the plaintiff was a citizen of New Jersey and the defendant a foreign corporation, the court had no jurisdiction, and dismissed the case on this ground.

Subsequently the plaintiff moved for a new trial on the ground that the court was in error in holding that it was without jurisdiction. The motion was denied, but the court, having grave doubt as to the previous ruling upon the question of jurisdiction, finally rested the denial upon the ground that no negligence was shown. The decision was as follows:

"I have concluded that on the whole case negligence was not shown, and that my expressed willingness to send the case to the jury was error. The necessary result of the evidence was that either the plaintiff or some one else lifted the side piece out. There is no evidence at all that any person other than the plaintiff did so. I believe it was a mistake to think the rule of res ipsa applied—wherefore the direction given was right, even if the reason assigned was wrong. Motion denied."

After the cause was docketed in this court the defendant stipulated in writing:

"That the United States Circuit Court for the Southern District of New York had jurisdiction of the subject-matter of this action and of the parties thereto at the time of the commencement of the action and at the time of the trial thereof."

Although this court will not permit the parties to stipulate jurisdiction where none exists, we are convinced that under the authority of Barrow S. S. Co. v. Kane, 170 U. S. 100, 18 Sup. Ct. 526, 42 L. Ed. 964, the Circuit Court had jurisdiction of the action.

The only remaining question is: Did the testimony warrant the submission of the question of negligence to the jury? We are of the opinion that the impressions of the judge at the trial were correct and that the question of the defendant's negligence and the plaintiff's contributory negligence should have been submitted to the jury.

The plaintiff was a passenger on the defendant's ship and was seriously injured by the giving way of a part of her berth while she was attempting to get into it. So much is conceded. She swore that she was assigned to this berth by an official of the ship, that no ladder was provided for her use and that she got into her berth on previous occasions by climbing up from the lower berth which, in the absence of a ladder, would seem to be the only way of reaching it. She testifies further that while so engaged the railing broke, or gave way, and she was thrown violently to the floor, the railing falling on her. Bearing in mind the very stringent obligations imposed upon carriers of passengers there is no doubt in our minds that plaintiff's proof entitled her to go to the jury. It is true that the defendant's witnesses contradicted the plaintiff on many, if not all, of the facts of which negligence is predicated, but the question of fact still existed. It was for the jury to decide which version of the transaction was entitled to credence. If the cause had been submitted to the jury and they had found for the plaintiff we cannot think that the court would have been justified in setting the verdict aside as against the weight of evidence.

It is only when the testimony is so clearly in favor of the defendant

that a verdict for the plaintiff will not be permitted to stand, that the court is justified in withdrawing the case from the consideration of the jury.

The judgment is reversed.