## FISHER v. CANADIAN PAC. RY. CO.

### No. 770.

District Court, W. D. New York.
July 11, 1932.

Ward, Flynn, Spring & Tillou, of Buffalo, N. Y., for plaintiff.

**236**

Locke, Babcock, Hollister & Brown, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Plaintiff is a resident of Cleveland, state of Ohio. She was appointed executrix of the will of one Fisher pursuant to the laws of that state. Defendant is a railroad corporation organized as such and having all of its lines in Canada. Deceased was killed at Saskatchewan, Canada, and plaintiff brings this action under the Saskatchewan "Fatal Accidents Act." Defendant, appearing specially, moves to vacate the service of the summons herein on various grounds. The decision depends on the answer given to these questions:

(1) Is the defendant "present" in personam in the district? A foreign corporation "doing business in the state" is present in the district and subject to service of process therein. What constitutes "doing business" within a district has been the subject of judicial consideration many times. No general comprehensive rule of determination has or can be made. People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537. The recent decisions indicate the studied effort on the part of railroad corporations to avoid doing business in districts into which their lines do not extend.

The defendant maintains in Buffalo, N. Y., separate passenger and freight offices. The stationery and literature of the passenger office bear the imprint "W. P. Wass, General Agent, Canadian Pacific Railway, 160 Pearl St., Buffalo, N. Y." Buffalo is shown as one of its terminals in its regular railway guide. Four passenger trains in and out of Buffalo daily are listed in the time-table. Such trains are run over the tracks of the Toronto, Hamilton & Buffalo Railroad, and are operated by the latter company's engines and employees. Tickets are issued at Buffalo for passengers between Buffalo and points in Canada and a separable part of the ticket covers that part of the journey which is made over the Toronto, Hamilton & Buffalo tracks. The tickets between Buffalo and Welland on their face bear the words "Issued by Canadian Pacific Railway" and stamped on the back of the latter are the words "Can. Pac. Ry. Buffalo, N. Y." There are nine employees in the passenger office, and it seems apparent that their duties are such as are generally performed in the passenger office of any railroad. Passenger business was solicited, tickets sold,

receipts returned in the usual way to the head office, and cars for transportation of passengers provided each day at a railroad station in Buffalo. The freight office has six employees. It is handled in practically the same way as the passenger office. Its employees solicited business for the road, gave out information as to routes and rates, took orders for handling and provided cars for the shipment of freight to various points out of Buffalo. Freight customers were billed from Buffalo and collections made through the Buffalo office. Affidavits of the passenger and freight agents in effect are a denial only of the fact that they had no authority to negotiate for or to settle claims.

Defendant relies in the main upon Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 596, 51 L. Ed. 916, and Philadelphia & Reading R. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 281, 61 L. Ed. 710, and cases therein cited, in support of its contention that defendant is not doing business within the state. Green v. Chicago, Burlington & Quincy Ry. Co., supra, is distinguishable from the case at bar in various phases, irrespective of whether, as said in Hutchinson et al. v. Chase & Gilbert, Inc. (C. C. A.) 45 F.(2d) 139, 141, this decision "perhaps becomes somewhat doubtful in the light of International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479." The passenger agent, in the Green Case, sold no tickets and received no payment for transportation of freight. Evidently its freight was not billed by defendant from the place of origin, as the court says: "The business shown in this case was, in substance, nothing more than that of solicitation." In Philadelphia & Reading Railway Co. v. McKibbin, supra, the court, referring to defendant's place of business, said: "It has no dock, or freight or passenger ticket office or any other office or any agent or property therein. Like other railroads distant from New York, it sends into that state, over connecting carriers, loaded freight cars, shipped by other persons, which cars are, in course of time, returned. * * * The whole ticket, in each case, is issued by the Central Railroad of New Jersey; and each coupon so recites. * * * Neither the Philadelphia & Reading nor the Baltimore & Ohio has any office or any employee at the terminal [Central R. R. of N. J.]. * * * Obviously the sale by a local carrier of through tickets does not involve a doing of business within the state by each of the connecting carriers."

The case of Graustein v. Rutland R. Co. (D. C.) 256 F. 409, cited by defendant, is not in point. The defendant railroad company maintained an office and retained employees within the district in question. These employees, however, had authority only to solicit business. One was a representative of the defendant railroad; the other was a representative of that and other roads. Neither of these representatives kept tickets for sale, and tickets were issued by the Boston & Maine Railroad over the Rutland Railroad. I have examined numerous other cases cited by defendant. I think none of these presents a case comparable in the combination of acts going to show the transaction of business.

A reason stressed by the courts as bearing upon the question of what constitutes legal presence of a party within a district is the fact of the inconvenience and expense to which a party would be put where the action is brought in some other place than in which it may be said to be doing business. The defendant is a foreign alien corporation, and, unless action can be brought here, plaintiff would be compelled to sue in Canada. As was said in Hutchinson v. Chase & Gilbert, Inc., supra, as indicating the reason for a rule with reference to a corporation doing business in a district: "There must be some continuous dealings in the state of the forum; enough to demand a trial away from its home. This last appears to us to be really the controlling consideration, expressed shortly by the word 'presence,' but involving an estimate of the inconveniences which would result from requiring it to defend, where it has been sued." Of course, these reasons would not be applicable here. International Harvester Co. v. Kentucky, supra; People's Tobacco Co. v. American Tobacco Co., supra; Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc. (C. C. A.) 29 F.(2d) 164; St. Louis S. W. R. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, are authority for the position that the acts of the defendant in this district, such as shown here, constitute doing business in the state, and that, therefore, the defendant is "present" within the state.

(2) Assuming that the defendant is "present" in this district, has this court jurisdiction where the plaintiff resides in another district and where the cause of action arose in another district? In Barrow Steamship Co. v. Kane, 170 U. S. 100, 18 S. Ct. 526, 530, 42 L. Ed. 964, Kane was a resident of New Jersey. He was injured in Ireland. The steamship company was an alien foreign corporation. Action was brought in the Southern District of New York. The court said: "By the existing act of congress defining the general jurisdiction of the circuit courts of the United States, those courts 'shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, when the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars,' 'in which there shall be a controversy between citizens of different states,' 'or a controversy between citizens of a state and foreign states, citizens or subjects'; and, as has been adjudged by this court, the subsequent provisions of the act, as to the district in which suits must be brought, have no application to a suit against an alien or a foreign corporation, but such a person or corporation may be sued by a citizen of a state of the Union in any district." Other cases to the same effect are In re Hohorst, 150 U. S. 653, 14 S. Ct. 221, 37 L. Ed. 1211; Galveston, H. & S. A. R. Co. v. Gonzales, 151 U. S. 496, 14 S. Ct. 401, 38 L. Ed. 248.

Louisville & Nashville R. Co. v. Chatters (Southern Railway Co. v. Chatters) 279 U. S. 320, 49 S. Ct. 329, 73 L. Ed. 711, are cited by defendant as holding that this action so brought is in violation of the due process and commerce clauses of the Federal Constitution (Const. art. 1, § 8, cl. 3; Amend. 5). This case involved the question of extraterritorial jurisdiction as between states. The action was between a corporation organized under the laws of Virginia and a citizen of a district other than that in which the action was brought. The cause of action arose in a third jurisdiction. The thing which has led the courts to draw the line closely as regards what constitutes doing business within a district is the desire to force trials in a district where the causes of action arose in order to save expense and to make a more fair distribution of the business of the courts. See, also, Farmers' & Merchants' Bank v. Federal Reserve Bank (D. C.) 286 F. 566; Klabzuba Case (D. C.) 33 F.(2d) 359; Jarowski v. Hamburg-American Packet Co. (C. C. A.) 182 F. 320. This rule is not applicable here, where the cause of action arose out of the country and the defendant is an alien corporation.

(3) Assuming that defendant is "present" within the district, and that the action may be brought in this district, was the serv-

ice made upon the person, or persons, upon whom it was authorized to be made? Of course, service both on the passenger agent and the freight agent was not necessary. Their employment was substantially the same. The question is whether they come within the definition of "cashier, a director, or a managing agent of the corporation." In Denver & Rio Grande Railroad Co. v. Roller (C. C. A.) 100 F. 738, 741, 49 L. R. A. 77, the facts in this regard were quite similar to those before us. The court there held that the agent was a managing agent within the meaning of a state statute requiring service of a summons against a foreign corporation on a managing or business agent, cashier, or secretary within the state. There the court said: "The object of the service is attained when the agent served is of sufficient rank and character as to make it reasonably certain that the corporation will be notified of the service, and the statute is complied with if he be a managing or business agent in any specified line of business transacted by the corporation in the state where the service is made." See, also, Mauser v. Union Pacific Railroad Co. (D. C.) 243 F. 274.

In New York the court has held a railroad company to have been properly served under similar circumstances. Tuchband v. Chicago & Alton Railroad Co., 115 N. Y. 437, 22 N. E. 360. Hewitt v. Canadian Pacific Railway Co., 124 Misc. 186, 207 N. Y. S. 797, affirmed 212 App. Div. 815, 207 N. Y. S. 851, held that service of process on a general agent of the freight department of this defendant, who had a number of subordinates, and solicited traffic and handled freight claims, gave the court jurisdiction, even though he had no authority to collect or disburse money. This fact in the present case sustains my conclusion that both the freight agent and the passenger agent are properly described by the term "managing agent" within the requirement of subdivision 3, § 229, New York Civil Practice Act.

■■ One ground on which this motion is made is that the proofs of service did not show that effort was made to serve the persons, or one of them, mentioned in section 229, subds. 1 and 2, of the Civil Practice Act of the state of New York. Such section relates to service of foreign corporations and subdivision 3 of such section provides for the service upon "cashier, director, managing agent," where service cannot be effected under either of the prior subdivisions. Since the making of the motion, with defendant's consent, an affidavit has been filed by plaintiff setting forth that none of the persons named in subdivision 1 of that section are within the district, and that no person or public officer has been designated by the defendant upon whom service can be made, by certificate filed in one of the three departments of State as provided by subdivision 2. I think it is clear that proof of service must show that service could not be made under subdivisions 1 and 2, before service as provided by subdivision 3 can be perfected, but this affidavit, without denial, meets the proof necessary.

It appears from the moving affidavits that this plaintiff, individually, and certain others, prior to the bringing of this action, brought an action in the Canadian court to recover damages for the identical injuries alleged in the complaint in this action. Defendant does not base its motion upon the fact that this prior action had been brought, nor has it discussed the question on its brief. Inasmuch as this action is brought by Fisher as executrix, the question is immaterial here.

Defendant's motion is denied.