NICOLA ANELLO, Plaintiff, *v.* ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.

Supreme Court, Kings County, March 25, 1935.

*Herman J. Schoenfeld,* for the plaintiff.

*Rosenblum & Rosenzweig,* for the defendant.

FABER, J. Motion to vacate service of summons referred to an official referee.

The amendment of 1928 (Laws of 1928, chap. 715) of section 229 of the Civil Practice Act, particularly subdivision 3, does not appear to have altered the sense or affected the rulings under the old form of the section and subdivision, that resort to the third subdivision is permissible only in case of failure to effect service under the two preceding paragraphs. The decisions seem to be that way. (*McKeon* v. *McGowan & Sons,* 229 App. Div. 568; *Appelbaum* v. *Camden Fire Ins. Assn.,* 155 Misc. 514; *Fisher* v. *Canadian Pac. R. Co.,* [D. C.] 1 F. Supp. 235.)

On the other aspect of the motion which rests on what the process server avers was said and done in the way of accepting, as valid, the service upon the treasurer of an agent, who may be the managing agent, the denial by the treasurer puts the matter in such doubt that a reference to an official referee to take evidence and report with his opinion is absolutely necessary. To vacate a service in a case, such as this, where, since the service upon which it may be plaintiff was encouraged to rely, a limitation of time has barred another service, seems unjust where the court might save the service and the right of action by a better and fuller development of the facts.