## BELGIAN MISSION FOR ECONOMIC CO-OPERATION v. ZARATI STEAMSHIP CO., Ltd.

United States District Court
S. D. New York.

May 25, 1950.

Theodore Granik, Washington, D. C., Arthur C. Katims, Washington, D. C., of counsel, proctor for libelant.

Kirlin, Campbell, Hickox & Keating, New York City, Carl H. Watson, Jr., New York City, of counsel, proctors for respondent.

IRVING R. KAUFMAN, District Judge.

Respondent, appearing specially, has moved for an order setting aside the service of the citation herein and dismissing the libel on the ground that this Court has no jurisdiction of the person of the respondent in that the respondent is not present or doing business within the jurisdiction of the Court.

A libel in personam was filed in this Court on April 7, 1950 alleging causes of action arising out of a charter party dated at New York, February 1, 1947, between the respondent as owner and the libelant as charterer of the Panamanian steamship Ioannis Livanos for carriage of a cargo of coal from Virginia to Belgium. Citation herein was directed to the respondent in care of Simpson, Spence & Young, Agents, 52 Broadway, New York.

■ To obtain jurisdiction over a corporation it is necessary that an agent of the corporation be served or cited in the state, and that the corporation be doing sufficient business within the state to warrant the inference that it is present there. Spreckels Sugar Co. v. South Atlantic Steamship Line, D.C.S.D.Ga.1944, 55 F.

742

Supp. 670. The agency relationship must also exist at the time of service of process. Miller v. The Sultana & Browning S. S. Co., D.C.W.D.N.Y.1948, 79 F.Supp. 877; Holland v. Parry Navigation Co., Inc., D. C.E.D.Pa.1947, 7 F.R.D. 471; Johnson v. Black Diamond Lines, D.C.E.D.Pa.1941, 36 F.Supp. 721.

It is apparent from the affidavits submitted by the president of the respondent and a representative of Simpson, Spence & Young that the respondent is not doing business in this state and that Simpson, Spence & Young were not agents of the respondent when the citation was served upon them.

Respondent is a Panamanian corporation engaged in business in England. Its business consists of chartering and operating vessels. It has no office in New York, does not operate any regular service touching the Port of New York, and none of its vessels has been in New York State waters since 1947.

Simpson, Spence & Young has only acted sporadically as a limited agent for respondent. It operated in the capacity of a broker and not as a general agent, and is not authorized to receive service of process for the respondent. In connection with the charter that is the subject of this libel, Simpson, Spence & Young acted as chartering brokers upon specific authorization from the respondent. Simpson, Spence & Young was not an agent for the respondent in any capacity whatsoever at the time of the service of the citation.

The only basis libelant has for opposing the motion to quash is the case of United States v. Bedouin S. S. Co., Ltd., D.C.S.D.N.Y.1908, 167 F. 863. In that case the Court held service on a chartering agent for a foreign corporation sufficient where the agent with full authority prosecuted a claim on behalf of the corporation arising out of the charter. In the present action the libelant sent claim letters to Simpson, Spence & Young which they forwarded to the respondent, and also wrote to the libelant stating the respondent's position and attempting to assist in bringing the matter to a conclusion.

The libelant now claims that this makes the service of process sufficient within the authority of the Bedouin case. The authority of that case is extremely doubtful in light of the more recent decisions. [See Bartholomew & Co. v. Rederi A/B Geifion, D.C.S.D.N.Y.1944, 1946 A.M.C. 538, 540-41] In any event that case merely held service on the agent sufficient where it formally prosecuted an administrative proceeding and made claim against the Government; when the Government sought to establish a counterclaim arising out of the same charter party, the agent denied the full authority that it had previously alleged. In this suit, Simpson, Spence & Young merely acted gratuitously without authority in forwarding libelant's claim to the respondent. It had no authority and prosecuted no claim; therefor the Bedouin case is clearly distinguishable and no authority against quashing the service in this suit.

It is hereby ordered that the service of citation be set aside and the libel dismissed.