(92 Misc. Rep. 442)

## JACKSON v. SCHUYLKILL SILK MILLS.

(Supreme Court, Appellate Term, First Department.   December 16, 1915.)

**1. CORPORATIONS ☞668—FOREIGN CORPORATIONS—PROCESS—PROPERTY IN STATE PROCESS.**

Where a foreign corporation maintained an office in New York City, with certain property therein, which office was occupied by its agent, styled "general sales manager," whose duties were to visit customers, show goods, transmit orders for the same to the home office in Pennsylvania for approval, and hire and discharge salesmen, subject to the control of the home office, and the corporation had no other place of business, office, or factory in the city, and no person had been designated for service of process, such corporation was amenable to the jurisdiction of the state courts as having property within the state, under Code Civ. Proc. § 432, subd. 3, providing for service of process on foreign corporations in certain cases; the purpose of such section being to confer jurisdiction over foreign corporations, irrespective of whether they are so doing business within the state as to subject them to certain provisions of the General Corporation Law (Consol. Laws, c. 23), the Stock Corporation Law (Consol. Laws, c. 59), or the Tax Law (Consol. Laws, c. 60).

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ☞668.]

**2. CORPORATIONS ☞668 — FOREIGN CORPORATIONS — PROCESS — "MANAGING AGENT."**

"Managing agent," as used in such subdivision of the statute, imports some person invested by the corporation with general powers involving the exercise of judgment and discretion.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ☞668.]

**3. CORPORATIONS ☞668—FOREIGN CORPORATIONS—MANAGING AGENT.**

Where a foreign corporation maintained an agent, styled "general sales agent," in the state, with an office in New York City, whose business it was, subject to the direction and control of the corporation's home office in Pennsylvania, to manage sales, hire and discharge traveling salesmen, and hold general charge of its business or affairs in the state, such agent was a "managing agent," within Code Civ. Proc. § 432, subd. 3, providing for service on foreign corporations in certain cases.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ☞668.]

For other definitions, see Words and Phrases, First and Second Series, Managing Agent.]

**4. PROCESS ☞64—SERVICE—VALIDITY.**

A summons, delivered inclosed in an envelope, contrary to the proper and regular method of service, was valid, where the person served opened the envelope on receipt and found copies of summons and complaint.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 55, 56, 76–82; Dec. Dig. ☞64.]

Appeal from City Court of New York, Special Term.

Action by Ernest Jackson against the Schuylkill Silk Mills. From an order vacating service of summons, plaintiff appeals. Reversed.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Isaac Dobroczynski, of New York City (Abraham Rosenstein, of New York City, of counsel), for appellant.

Roger Lewis, of New York City, for respondent.

GUY, J. Plaintiff claimed to have acquired jurisdiction of the defendant, a foreign corporation organized under the laws of Pennsylvania, by service of the summons herein in this city upon William W. Roach, stated to be a managing agent of the defendant. From the order vacating the service plaintiff appeals.

[1] In support of the motion defendant, whose business is the manufacture of silk gloves and underwear, presented the affidavit of Roach, who swears that he was employed by the defendant with the title "general sales manager," but at all times under the direction and control of the officers of the silk mills; that his duties are to visit customers, show goods, transmit orders for the same to the home office in Pennsylvania for approval, and, subject to the direction and approval of the defendant, to hire and discharge traveling salesmen, receive and transmit to the home office their reports of sales, and to act in all respects subject to the control of the defendant. Plaintiff avers that Roach also suggests and selects different designs and patterns for the defendant in the making up of its various articles, and purchases ribbons, laces, and silks for the purpose of making up into garments; but this is denied by Roach. It also appears that defendant had an office at 200 Fifth avenue in this city; that it owned certain property contained therein; that said office was occupied by Roach as a sole representative of the company; that defendant had no other place for the transaction of business, or office or factory in the state of New York; and that no person had been designated for the service of process upon the defendant in New York.

The purpose of the statute (section 432, Code of Civil Procedure) is to prescribe the manner in which jurisdiction, by personal service of the summons, may be conferred upon courts within this state in actions against foreign corporations, irrespective of whether or not such corporations are doing business within the state in such way or to such extent as to subject them to certain provisions of the General Corporation Law and Stock Corporation Law, or make them amenable to the Tax Law of the state. Our highest court has held that, while a foreign stock corporation may be actually doing business in this state, it may not be doing business so as to require, as a condition precedent thereto, that it shall obtain a certificate from the secretary of state, or render it necessary for such corporation to keep as stockbook at its New York office, Hovey v. Delong Hook & Eye Co., 211 N. Y. 420, 105 N. E. 667. Subdivisions 1 and 2 of said section 432 provide for service upon certain specific officials of the corporation or the person designated in section 16 of the General Corporation Law. Subdivision 3 provides:

"If such a designation is not in force, or if neither the person designated, nor an officer specified in subdivision 1 of this section, can be found with due diligence, *and the corporation has property within the state*, or the cause of action arose therein: To the cashier, a director, or a managing agent of the corporation, within the state."

There is no limitation of the provisions of subdivision 3 of the said section to corporations doing or transacting business within the state, the sole requirement being that "the corporation has property within

the state, or the cause of action arose therein." These requirements of subdivision 3 have been met by the plaintiff; it appearing by the affidavit of one Barbey, president of the defendant corporation, that the defendant has property within the state sufficient to meet the requirements of the statute.

[2] The only remaining question is whether the person upon whom service was made herein was, at the time of such service, a managing agent of the defendant corporation—whether the incidental agency of the defendant in the state of New York vested in its agent, Roach, constituted him a managing agent for the defendant within the meaning of section 432 of the Code of Civil Procedure for the purpose of conferring jurisdiction upon a state court. "Managing agent," as so used in the statute, imports "some person invested by the corporation with general powers involving the exercise of judgment and discretion." Taylor v. Granite State Provident Ass'n, 136 N. Y. 343, 32 N. E. 992, 32 Am. St. Rep. 749. The question whether the defendant corporation was doing business within the state is only relevant in this particular case in so far as it is essential to the existence of a managing agent that there shall be business affairs of the corporation within the state which are under the supervision, control, or management of such managing agent. In Tuchband v. Chicago & Alton R. R. Co., 115 N. Y. 437, 22 N. E. 360 the court, in determining the validity of service upon an alleged managing agent of a defendant corporation, said:

"Where the corporation has an office in this state, where a substantial portion of its business is transacted by a person designated by itself as a general agent, although followed by words indicating some one department, it may safely be assumed that the object of the statute will be accomplished. * * * Where a corporation created by the laws of any other state does business in this state, the person who, as its agent, does that business, should be considered its managing agent; and more especially should that be so where the foreign corporation has an office or place of business in this state, and when that office is in charge of that person and he there acts for the corporation. He is there doing business for it, and so manages its business. Such person is, in every sense of the words used in the statute, 'a managing agent.'"

See, also, Brayton v. N. Y., L. E. & W. R. R. Co., 72 Hun, 602, 25 N. Y. Supp. 264; Barrett v. Am. T. & T. Co., 56 Hun, 430, 10 N. Y. Supp. 138, affirmed 138 N. Y. 491, 34 N. E. 281; Palmer v. Penna. Co., 2 How. Prac. (N. S.) 156; Ives v. Metropolitan L. Ins. Co., 78 Hun, 32, 28 N. Y. Supp. 1030.

[3] In the case at bar Roach, the "general sales manager" of the defendant, subject to the direction and control of the home office in Pennsylvania, managed the sales of the defendant in the state of New York, and hired and discharged its traveling salesmen, and had general charge of its business or affairs in this state. This made him "a managing agent," within the meaning of section 432 of the Code of Civil Procedure. That he was subject to the direction and control of the defendant is not material, for it is to be expected that even a managing agent shall be subject to direction and control by the executive officers of his principal. Roach's duties were much broader in scope than those of the person held not to be a managing agent in

Beck v. North Packing & Provision Co., 159 App. Div. 418, 144 N. Y. Supp. 602.

[4] The fact that the summons, when delivered to Roach, was inclosed in an envelope, contrary to the proper and regular method of service, does not invalidate the service, because immediately upon its receipt Roach examined the envelope and found therein copies of the summons and complaint. In Bulkley v. Bulkley, 6 Abb. Prac. 307, cited by the respondent, the facts are clearly distinguishable, for there the summons, inclosed in a small, closed tin box, covered with paper and the paper sealed, was delivered to the defendant when the ship on which she was a passenger was about to leave the dock in New York City for California, the defendant being informed, when the box was handed to her, that it contained a present for her mother and a note for herself; and the defendant did not open the box and discover its contents until the vessel was at sea, beyond the jurisdiction of the court, so that she had no opportunity to answer the complaint and prevent the default which was subsequently taken.

The order should be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. All concur.