ULTRAMAR COMPANY, LIMITED, Appellant, *v.* MINERALS SEPARATION, LIMITED, Respondent, Impleaded with MINERALS SEPARATION NORTH AMERICAN CORPORATION, Defendant.

First Department, March 29, 1923.

Corporations — foreign corporations—action against English corporation on cause of action arising here — jurisdiction was acquired by service on agent possessing power of attorney—service will not be set aside.

Jurisdiction was acquired of an English corporation in an action against it by service in this State on one of its directors residing here who held a power of attorney, which included among other things, authority to " enforce, defend, answer or oppose all actions," where it appears that the principal business of the English corporation is the granting of licenses and collecting royalties upon letters patent owned by it; that a part of this business has been continuously conducted in this State; that the contract on which the action was brought was placed in escrow to be delivered to the president of the plaintiff corporation in New York, and that the defendant had property in this State in the possession of the agent on whom service was made.

APPEAL by the plaintiff, Ultramar Company, Limited, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of September, 1922, setting aside the service of a summons and complaint upon the respondent, and dismissing the complaint as to it.

*Francis W. Aymar* [*Lindell Bates* of counsel], for the appellant.

*Cook, Nathan & Lehman* [*Emil Goldmark* of counsel; *Alfred A. Cook* with him on the brief], for the respondent.

PAGE, J.:

Without attempting to state the various changes in the various English syndicates and corporations which have preceded the defendant, it clearly appears that the Minerals Separation, Limited, of England owns and controls a large number of patents, many of which are United States patents on processes for smelting or separation of minerals. So far as disclosed, its only business is granting licenses and receiving royalties, especially on these basic patents. It has for a number of years had two agents in the State of New York, operating under powers of attorney, who have negotiated and granted licenses in the name of the Minerals Separation, Limited, hereinafter called the English Company.

There has been incorporated in the State of Maryland the Minerals Separation North American Corporation, hereinafter called the American Company, which was to take over the business of the English Company; but the English Company has not transferred the basic patents, and continues to issue the licenses through the said agents or attorneys, acting as trustees for the American Company. The stock of the American Company is held by a voting trust of three, two of whom are the aforesaid agents or attorneys. One of these, Ballot, who had been chairman of the board of directors of the English Company, while holding a general power of attorney for that company, resigned as chairman of the board, but remained a director of the English Company, and became president and treasurer of the American Company and one of its directors. Gregory, the other agent and attorney in fact, became vice-president and assistant treasurer of the American Company. Ballot held two broad powers of attorney from the English Company, which include authority to " enforce, defend, answer or oppose all actions." The learned justice at Special Term said that this power is sufficient " to permit him to appear generally and defend if he saw fit to do so, but it is merely a power which becomes effective if and when exercised." I do not so regard it. Certainly he comes within the description of the agent upon whom service can be made. (See Civ. Prac. Act, § 229.) " It is not necessary to show that express authority to accept service was given to the defendant's agent. His appointment to act as agent within the State carried with it implied authority to exercise the powers which under our laws attach to his position. * * * If the persons named are true agents, and if their positions are such as to lead to a just presumption that notice to them will be notice to the principal, the corporation must submit." (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259, 269.)

Briefly, for the following reasons I think this order must be reversed:

I. The principal business of this corporation is granting licenses and collecting royalties upon letters patent owned by it. A part of this business has been continuously conducted in this State.

II. It has had an agent with broad powers of attorney permanently residing in this State, given power to bring and defend actions.

III. Process was served on such agent personally within the State.

IV. The contract on which this action was brought was placed in escrow and to be delivered to Bates and Ballot, the representatives of the respective parties in New York.

V. The defendant had property in this State, to wit, the shares of stock in the American Company and certain licenses and agreements in regard to patents, all in the possession of Ballot, one of its directors and its attorney in fact.

I am of opinion that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.