FRANK HEWITT, Plaintiff, *v.* CANADIAN PACIFIC RAILWAY COMPANY, Defendant.

Supreme Court, New York Special Term, December 9, 1924.

Corporations — foreign corporations — jurisdiction of action against foreign corporation — plaintiff is resident of this State and assignment of cause of action to him is not merely colorable — court has jurisdiction under General Corporation Law, § 46 — summons — service on general freight agent sufficient under Civil Practice Act, § 229, subd. 3 — motion to vacate service of summons denied.

The plaintiff in this action against a foreign corporation to recover damages for delay in the delivery of freight deliverable in New York is a resident of this State, and, since the assignment of the cause of action to him is not colorable

merely, the court has jurisdiction of the subject-matter under section 46 of the General Corporation Law.

The service of the summons in this action upon the general freight agent of the defendant in this State is sufficient under subdivision 3 of section 229 of the Civil Practice Act to give the court jurisdiction of the defendant and the motion to set aside the service must be denied, since it appears that the general freight agent is in charge of substantial offices in this State and is engaged in soliciting traffic and in handling freight claims, and, though he has no power to extend credit, collect or disburse money, employ or discharge agents, he is, nevertheless, a managing agent within the meaning of the statute.

MOTION to vacate service and dismiss complaint in action against foreign corporation.

*Herbert Goldmark,* for the plaintiff.

*Hardin & Hess* [*Harold B. Elgar* of counsel], for the defendant.

PROSKAUER, J.:

This court has jurisdiction, under section 46 of the General Corporation Law, as added by chapter 916 of the Laws of 1920, of this cause of action against a foreign corporation, because plaintiff is a resident of this State and there is no proof in the moving papers that the assignment to him was merely colorable.

The court has jurisdiction over the person of defendant, because defendant's managing agent was served under subdivision 3 of section 229 of the Civil Practice Act, and defendant was doing business in this State within the principles laid down in *Tauza v. Susquehanna Coal Co.* (220 N. Y. 259) and *Interocean Forwarding Co. v. McCormick* (168 N. Y. Supp. 177; affd., 183 App. Div. 883). At least two of the causes of action are for damages for delay in delivery of freight deliverable in New York and these causes of action clearly arose in this State. (*St. Louis Southwestern R. Co. v. Alexander,* 227 U. S. 218, 226.) To this extent the case comes within the principle stated by Mr. Justice BRANDEIS in *State of Missouri ex rel. St. Louis, B. & M. R. Co. v. Taylor* (266 U. S. 200; 69 L. ed. ——), upon which he distinguishes that case from *Davis v. Farmers Co-Operative Equity Co.* (262 U. S. 312).

Under subdivision 3 of section 229 of the Civil Practice Act the service on Preston was valid. He was described as " General Agent, Freight Department." He had a number of subordinates and certain well-defined duties, soliciting traffic and handling freight claims. The fact that he had no power to extend credit, collect or disburse money, employ or discharge agents and had no charge or control of other agents has been held not to destroy his authority as managing agent. (*Cochran Box & Mfg. Co. v. Monroe Binder B. Co.,* 197 App. Div. 221, 222; affd., 232 N. Y. 503; *Ultramar Co. v. Minerals Separation, Ltd.,* 204 App. Div. 795; revd. on another

**188** Severnoe Securities Corp. *v.* Phœnix Assur. Co., Ltd.

Supreme Court, December, 1924. [Vol. 124

point, 236 N. Y. 647.) Defendant maintains substantial offices and engages in substantial business in this State, and yet if the person served is not to be deemed a managing agent, there is no one on whom service could be made.

Motion to vacate service and dismiss the complaint denied.