Royal Indemnity Company, Appellant, v. Seth Siders et al., Appellees.

Gen. No. 33,746.

102

filed April 22, 1930.

KREMER, BRANAND & HAMER, for appellant.

CHURCH, TRAXLER & KENNEDY, for appellees; DEAN LAKE TRAXLER and WALTER W. STEVENS, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Royal Indemnity Company, a corporation, sued Seth Siders, a corporation, Mather & Co., a corporation, and C. J. Howard, a corporation, in the Municipal Court of Chicago in an action of the fourth class. The cause was submitted to the court for trial and there was a finding in favor of the defendants. Judgment was entered on the finding and plaintiff has appealed.

The claim of the plaintiff was based upon a "Workmen's Compensation and Employers' Liability" policy issued by it to the defendants and upon which the latter paid an estimated advance or deposit premium of $321. After the expiration of the policy the plaintiff caused an audit to be made of the defendants' payrolls and thereafter claimed that there was further premium due it. The case was tried upon a stipulation of facts in which the defendants admit the issuance of the policy and that premiums to the amount of $310.99 were earned by the plaintiff; that the defendants paid

to "outside salesmen" employed by them on a commission basis $375,820.76, "but defendants do not agree that the sums so paid to such salesmen are included in or intended to be covered by said policy, and defendants reserve the right to object to the offer and/or admission of such evidence. All parties agree, however, that if, and only if, such evidence is held by the Court to be competent and admissible and if under all the evidence and the law in this case the defendants are held to be liable for the earned premium' in respect of such sums, then, but only in such case, the earned premium in respect of such sums is agreed to amount to $603.72." In the lower court the plaintiff claimed that it was also entitled to additional premiums on account of salaries paid to three vice-presidents, but the court held adversely to this claim and the plaintiff, in its brief, concedes that this ruling was correct.

The plaintiff states that the sole question in the case is, are the defendants liable, under the policy, for additional premiums on account of payments made by them to "outside salesmen" employed on a commission basis. The trial court held that the plaintiff was not entitled to such additional premium and the plaintiff contends that under the policy and the stipulated facts the trial court should have found that issue in favor of it.

The policy is entitled "Standard Workmen's Compensation and Employers' Liability Policy" and the concluding part of it is called "Declarations." From the photostatic copy of the policy, contained in the record, it appears that this part of the policy is drafted on a printed form used by the plaintiff and so far as

it is pertinent to the present inquiry it reads as follows:

"Item 3. Locations of all factories, shops, yards, buildings, premises or other workplaces of this Employer, by Town or City, with Street and Number 148–158 Fullerton Avenue, Chicago, Illinois. 250 W. 57th St., New York City, N. Y.

All business operations, including the operative management and superintendence thereof, conducted at or from the locations and premises defined above as declared in each instance by a disclosure of estimated remuneration of employees under such of the following Divisions as are undertaken by this Employer. 1 All industrial operations upon the premises. 2 All office forces. 3 All repairs or alterations to premises. 4 Specially rated operations on the premises. 5 Operations not on the premises.

| CLASSIFICATION OF OPERATIONS (Note: If more than one classification indicate each other by (b), (c), (d), etc.) | Estimated Total Annual Remuneration | Rate $100. of Remuneration | Estimated Premium |
|---|---|---|---|
| **(1)** (a) Wholesale Store or Retail & Wholesale Combined N. O. C. 8018 Illinois including shipping clerks, | 10000 | .83 | 83.00 |
| Wholesale Store or Retail & Wholesale Combined N. O. C. 8018 New York. including shipping clerks, | If any | 1.06 | |
| (x) President, any Vice-President, Secretary or Treasurer of corporate Employer who performs duties of Superintendent, Foreman or Workman. | | | |
| **(2)** (a) Clerical Office Employees, Sales Managers, Artists & Draughtsmen (engaged exclusively in the profession)— office duties only. 8810 | Ill. 85000 N. Y. 5000 | .06 .07 | 51.00 3.50 |
| **(3)** (a) Additions to, alterations and repairs of Employer's existing buildings or plants (not construction of new building nor maintenance of equipment covered as manufacturing operations) excluding the | | | |

erection or demolition of structural steel or of any fabricated iron or steel products or structure, and the construction of sewers, tunnels, shafts or subways, excluding also all operations conducted or supervised by contractors operating either as principals or on a percentage basis (unless specifically classified and rated in Division 1). 5602

(4) (a) Stamping—metal (if not included in 1). 3210
   (b) Blasting (additional Minimum Premium for this item $25.00). 6280
   (c) Railroads (used solely for declared business operations). 7102

(5) (a) Erection, installation, repair or demonstration of Employer's product, as follows: (Manual Classification).
                   Sales Managers

| | | | |
|---|---|---|---|
| (b) Outside ~~Salesmen, collectors and messengers (wherever engaged)~~ who ~~do not deliver merchandise.~~ 8742 | Ill. 102000 | .17 | 173.40 |
| (c) Drivers and Drivers' Helpers (if not included in 1) wherever engaged. 7205 | N. Y. 13000 | .15 | 19.50 |
| (d) Chauffeurs and Chauffeurs' Helpers (if not included in 1) wherever engaged. 7380 | | | |

Minimum Premium for this Policy shall be $18.00        Estimated Advance Premium     330.40

Item 4. The foregoing enumeration and description of employees include all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the Policy Period of all such remuneration. . . ."

From an examination of the photostatic copy it appears that Item 3, 5 (b), as the form was printed, read: "Outside Salesmen, collectors and messengers (wherever engaged) who do not deliver merchandise." Before the issuance of the policy, the plaintiff struck out all of these words excepting the first one, "Outside," and it added two words, "Sales Managers," so that same item read, "Outside Sales Managers." The plaintiff contends that "Outside Sales Managers" is only "an exalted name for traveling salesmen." A traveling salesman has been defined as one who goes out and solicits business, takes orders for goods, etc. (*Upchurch v. City of La Grange*, 159 Ga. 113; *T. C. May Co. v. Menzies Shoe Co.*, 184 N. C. 150; *Strain v. Chicago Portrait Co.*, 126 Fed. 831, 835.) On the other hand, a "sales manager" is not a mere "salesman." "Ordinarily, the term manager means 'one who has the conduct or direction of anything; as the manager of a theatre; the manager of a lottery, of a ball, etc.'" (*Commonwealth v. Johnson*, 144 Pa. St. 377, 381.) "A manager is a person appointed or elected to manage the affairs of another." (19 Am. & Eng. Enc. of Law (2d Ed.) 707.) As the defendants argue: "It must have been clear to plaintiff, however, at the time plaintiff issued its policy, that it was no mere idle gesture to cross out 'salesmen' and insert 'sales managers' in its stead. The two words have different meanings in our ordinary, every day conversation; . . . it was not merely a question of choosing a word to fill in a blank space. Plaintiff was put upon inquiry, and it is safe to assume in this argument that plaintiff did inquire and did know that defendants' salesmen greatly outnumbered its salesmanagers, and that the policy covered the latter but intentionally omitted and failed to cover the former."

But the plaintiff contends that it is perfectly clear from the terms of the policy "that it covered any per-

son or persons whatsoever employed by the defendants and that the premium was to be based upon the entire remuneration paid such persons." The plaintiff cites the following sections in support of this contention:

"Five. This agreement shall apply to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this Policy is to be computed and adjusted, . . .

Six. This agreement shall apply to such injuries so sustained *by reason of the business operations described in said Declarations* which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with, or in relation to, such work places." (Italics ours.)

In our judgment these sections do not sustain the plaintiff's instant contention. By Section Six only those employees engaged in the business operations "described in said Declarations" and "all operations necessary, incident or appurtenant thereto, or connected therewith," are covered. To determine what particular employees are covered it would seem necessary to refer to said "Declarations." As the defendants argue: "If, as plaintiff contends, the policy was intended to cover 'any persons whatsoever,' it would have been a simple matter to state just that in so many words." Section Five, upon which plaintiff strongly relies, must be construed in connection with Condition A, which reads: "A. The premium is based upon the entire remuneration earned, during the Policy Period, by all employees of this Employer *engaged in the business operations described in said Declarations* together

with all operations necessary, incident or appurtenant thereto, or connected therewith whether conducted at such work places or elsewhere in connection therewith or in relation thereto; . . .'' (Italics ours.) From the foregoing, it would appear that Section Five is subject to the same limitations as Section Six.

In support of its instant contention the plaintiff also cites the following indorsement attached to the policy on the date of the issuance of the same:

''Workmens' Compensation Extension Endorsement.

It is understood and agreed that this insurance is hereby extended as follows:

(1) To assume the obligations of this Employer under any Workmen's Compensation Law of any State of the United States of America, to pay compensation for personal injuries, fatal or non-fatal, sustained by any traveling salesmen, collectors, buyers, messengers, drivers, drivers' helpers, chauffeurs and chauffeurs' helpers while temporarily and not permanently in such States and while engaged in following such occupations in the employ of this Employer in the trade, business, or profession of this Employer described in this policy *provided the remuneration of such employees is included in the amount of remuneration earned by employees of this Employer upon which the premium for this policy is based* and provided further that such injuries arise from accidents occurring during the time that this policy is in force.'' (Italics ours.)

Plaintiff argues that this indorsement aids its contention that the policy covers any and all employees of the defendants. By the proviso in the indorsement the employees covered by it are apparently limited to those whose remuneration is covered by the terms of Condition A (heretofore referred to), and, as we have heretofore shown, the entire remuneration to which Condition A applies is limited to ''employees of this Em-

ployer engaged in the business operations *described in said Declarations."* (Italics ours.) The indorsement enlarges the territory covered, but, in our judgment, it is far from clear that it was intended to enlarge the classes of employees otherwise covered by the policy.

The plaintiff concedes that unless it is clear that the policy covers "outside salesmen" it is not entitled to recover. There is much force in the position of the trial judge that when the plaintiff "struck out 'salesmen and outside salesmen' and inserted ·'sales managers' it intended to cover as to sales managers and not as to salesmen." If the policy was intended to cover all persons employed by the defendants, as plaintiff contends, it is difficult to understand why the policy did not so state. If the policy had so stated, many provisions in it would have been entirely unnecessary. If the policy is ambiguous, the plaintiff, and not the defendant, is responsible for that condition. After a careful consideration of the instant question, we are satisfied that we cannot hold that it is clear that the policy covers "outside salesmen."

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*

Barnes, P. J., and Gridley, J., concur.