**WILLIAMS v. CAMPBELL SOUP CO. et al.**

No. 5350.

United States District Court
W. D. Missouri, W. D.

Nov. 9, 1948.

Supplemental Opinion Dec. 1, 1948.

Irving Achtenberg, of Kansas City, Mo., for plaintiff.

Gossett, Ellis, Dietrich & Tyler, of Kansas City, Mo., for defendants.

REEVES, Chief Judge.

A proper consideration of this case requires a statement of the averments contained in the first amended petition. It is alleged that both the corporate defendants are nonresidents of Missouri and,

"That defendants and each of them maintain a joint business office in the Business Men's Assurance Bldg. in Kansas City, Missouri; that C. Frank Coen of Kansas City, Missouri, is a managing or general agent of defendant Campbell Soup Company and of defendant Campbell Sales Com-

pany and is the person in charge of the joint business office of defendants aforesaid."

It is then averred:

"That defendants, and each of them, are engaged in the general business of manufacturing, canning, selling and distributing to retail trade, to be resold to the public, a variety of canned soups, * * *."

This is followed by an averment that the plaintiff, "on or about October 24, 1947," consumed a quantity of soup taken from a can of "Campbell's Cream of Mushroom Soup," and that she was made seriously ill from the ingestion of such soup. And there is an averment that in preparing said soup for consumption the defendants were apprized of its possible wide distribution and "knew and intended that it should be consumed by the public, and thereby warranted and represented said soup as being a pure, harmless, wholesome and safe food, etc."

The first named defendant, Campbell Soup Company, seeks to quash the service upon the ground that it was not doing business in the State of Missouri, so as to be liable for service of process on foreign corporations, and the last named codefendant, the Campbell Sales Company, says that no cause of action is stated against it.

These will be examined.

The affidavits appended to the motion of the defendant Campbell Soup Company show that C. Frank Coen resides in Kansas City, Missouri, and that he has been employed for the past seventeen years by the Campbell Sales Company "as a district sales manager." He then deposes that the office in Kansas City is maintained by him at his own personal expense and that neither of the corporate defendants has or maintains an office or offices in Kansas City, Missouri.

The affidavit of Alois B. Heilig, who resides at Wallingford, Pennsylvania, states that he is treasurer of Campbell Soup Company with headquarters at its general offices in Camden, New Jersey; "that all of the orders for Campbell Soup Company's products that are received by Campbell Soup Company are received outside the State of Missouri and are either accepted or rejected outside the State of Missouri. * * * 7. That all shipments made to customers in Missouri originate from points outside Missouri, the terms of shipment in each case being such that title to each shipment passes to the Missouri customer at point of shipment outside Missouri (f. o. b. point of shipment, freight prepaid)."

By paragraph 10 of said affidavit it is stated:

"Campbell Sales Company solicits orders for Campbell Soup Company's products and forwards all such orders to Campbell Soup Company at its offices outside of Missouri."

By paragraph 11 of said affidavit it is stated:

"Campbell Sales Company is not authorized to make any sales or enter into any contracts on behalf of Campbell Soup Company."

1. It appears from the foregoing that, whereas the plaintiff has not alleged in her complaint that Campbell Sales Company is an agent of Campbell Soup Company, yet the defendant, by the affidavit of Alois B. Heilig, so states. It does appear from the petition, as well as from the affidavits, that C. Frank Coen is an employee and agent of Campbell Sales Company. Service of process in the case was had at the offices of the said C. Frank Coen by serving the required papers upon him and the returns of the serving officer contain recitals that such service was had "at a business office of the within named defendant corporation Campbell Sales Company, a corp.," and there was a further recital that the Campbell Soup Company was served "by leaving with Frank Coen, Manager for the Campbell Sales Company, a corporation" one writ and petition as required by statute. Mo.R. S.A. § 847.27(c).

As indicated, it appears that as a fact, notwithstanding the averments of the complaint, the Campbell Sales Company was a soliciting agent for Campbell Soup Company. If, therefore, it was doing business within the State of Missouri, the service upon the managing agent of the Sales Company would be service upon Campbell Soup Company. It is the law that a general sales

agent, as apparently the said Coen was in this case, is a "managing agent" within the purview of the statute. See Jackson v. Schuylkill Silk Mills, 92 Misc. 442, 156 N.Y.S. 219, loc. cit. 221.

2. Under the law one corporation may be an agent for another. 19 C.J.S., Corporations, § 952, p. 398. Such relation, however, does not necessarily exist because one corporation owns all of the shares of its stock or because the two corporations have common stockholders. See Commerce Trust Co. v. Woodbury, 8 Cir., 77 F.2d 478; Pacific Can Co. v. Hewes, 9 Cir., 95 F.2d 42. It is unnecessary to discuss this question, however, for the reason that the defendants admit by the affidavits above mentioned that the Campbell Sales Company was in fact a sales agent for Campbell Soup Company.

3. The next question is whether the operations mentioned in the affidavits submitted by the defendants would be sufficient to bring the two corporate defendants within the State of Missouri so as to make them subject to the service statute. The Supreme Court of the United States had before it an almost identical question in International Harvester Co. v. Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479. The plaintiff in error in that case operated under a contract, or, rather, under general instructions to its agents which comport in almost complete precision with the facts in this case. Such instructions were set out on page 584 of 234 U.S., on page 945 of 34 S.Ct., 58 L.Ed. 1479. In that case all contracts of sale, not only would be made outside the state, but, "must be made f. o. b. from some point outside of Kentucky, and the goods become the property of the purchaser when they are delivered to the carrier outside of the state." Notwithstanding this studied effort on the part of the defendant, as in the present case, to keep the company beyond the reach of process servers in the State of Kentucky, the Supreme Court upheld service upon a local agent. The court concluded the opinion (234 U.S. loc. cit. 589, 34 S.Ct. loc. cit. 947, 58 L.Ed. 1479) as follows:

"We are satisfied that the presence of a corporation within a state necessary to the service of process is shown when it appears that the corporation is there carrying on business in such sense as to manifest its presence within the state, although the business transacted may be entirely interstate in its character. In other words, this fact alone does not render the corporation immune from the ordinary process of the courts of the state."

See also St. Louis Southwestern Ry. Co. v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann.Cas.1915B, 77. The law appears to have been well stated in Williams v. Bruce's Juices, D.C., 35 F.Supp. 847.

Upon the affidavits and other facts appearing without dispute, the defendant Campbell Soup Company was distributing its product in Missouri. The very fact that the deponent, C. Frank Coen, was an employee of the Sales Company and its agent, and the very fact that the Sales Company, according to the affidavits, was engaged in soliciting business for the Soup Company was enough to show an agency of the Sales Company for the Soup Company although not so alleged in the complaint. Since it was the agent of the Soup Company and since C. Frank Coen was its managing agent, then, if within the state, service of process upon him would be sufficient for both companies.

4. The next question presented is whether the motion of the Sales Company should be sustained upon the grounds that the facts stated are insufficient to constitute a cause of action against this defendant. As the petition is now drawn it is charged jointly with the other defendant in the manufacture and distribution of the product named. It seems obvious, however, that it was only acting as an agent. Whether upon the proof it could be held in law is a question not necessary to decide now. The complaint states a cause of action against it.

In the two cases of Conner v. Great Atlantic & Pacific Tea Co., D.C., 25 F. Supp. 855, the district judge there intimated that a plaintiff in the situation as in this case could not maintain an action in a case upon facts such as this upon the ground

that there was no implied warranty because of a lack of privity. The laws of Missouri do not support this theory. In the case of Marra v. Jones Store Co., 170 S.W.2d 441, loc. cit. 448, the Kansas City Court of Appeals collated the authorities in support of the proposition that:

"It has long been recognized by the courts of this state that in the sale of personalty of various kinds for a sound price, either by the manufacturer or dealer for a specified use made known to the seller, there is an implied warranty on the part of the seller that the article so sold is free from hidden defects that would impair the suitability and fitness of the property for its intended use, * * *. Such rule has been consistently applied in the sale of food, * * *."

Such implied warranty extends an assurance to the " 'unknown and helpless consumer that the article is good and wholesome and fit for use. If privity of contract is required, then, under the situation and circumstance of modern merchandise in such matters, privity of contract exists in the consciousness and understanding of all right-thinking persons.' " Helms v. General Baking Co., Mo.App., 164 S.W.2d 150, loc. cit. 153.

In the case of McNicholas v. Continental Baking Co., Mo.App., 112 S.W.2d 849, loc. cit. 854, the court said:

"Even though there was no privity of contract between the defendant manufacturer and plaintiff as the buyer of its product, nevertheless, under the evidence in this case, there was an *implied warranty* by defendant of the fitness for eating, of the bread which it manufactured, wrapped and sealed in its bakery with the intention that it should be thus delivered to the ultimate consumer for eating."

The motion of Campbell Soup Company to quash should be overruled and at this time the motion to dismiss as to the Campbell Sales Company should be overruled although it is apparent as to the latter company that it was not engaged in the manufacture of the product mentioned. The case does not proceed upon the theory of negligence.

Supplemental Opinion on Motion to Vacate Order Upholding Service of Process.

Counsel for the defendants have moved to vacate the order heretofore made sustaining the service of process in this case and in a vigorous memorandum brief characterized by the greatest earnestness and sincerity they endeavor to differentiate the authorities relied upon in the memorandum opinion heretofore filed.

The affidavits submitted by the defendants show that Campbell Sales Company, as its name implies, was an agent for the defendant Campbell Soup Company. These affidavits, however, assert that neither of the corporations had places of business in Missouri. The plaintiff submitted an affidavit of Charles C. Helm, the deputy sheriff of Jackson County, Missouri, who served the summons upon C. Frank Coen. In that affidavit Mr. Helm recited "that he has examined the 1947 City Directory for the City of Kansas City, Missouri, which is the most recent directory published, and said directory shows the following entries:

" 'Campbell Sales Co.
 " 'C. Frank Coen, Mgr.
 " '215 W. Pershing Rd., R. 400
" 'Coen, C. Frank (Augusta)
 " 'Mgr. Campbell Sales Co.' "

This fact negatives the suggestion that Campbell Sales Company did not have an office in Missouri, and the data was just as effective as if the name of the company had been put on the door of the office. The directory of a city is continually used for business purposes and experience has shown that the data contained therein is dependable.

In Roark v. American Distilling Co., 8 Cir., 97 F.2d 297, 299, while declining to uphold the service of process, yet the Court of Appeals, this Circuit, cited People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537, as follows:

" 'Each case depends upon its own facts' in questions of this character."

And in a later case the Court of Appeals, in Vilter Mfg. Co. v. Rolaff, 8 Cir., 110 F.2d 491, loc. cit. 496, said that:

"The mere maintenance of a sales solicitor in a state in absence of other factors is generally held to be insufficient for a corporation to manifest its presence therein. * * * But a foreign corporation engaged in interstate commerce is nevertheless subject to service of process under the laws of the state if it is carrying on business therein."

And the court further said:

"And we are convinced that the facts herein embrace acts and transactions which were primarily local in their character, and are not such as are merely relevant and appropriate to the interstate sale of defendant's machines."

Vol. 38, Words and Phrases, Perm.Ed., page 177, contain this statement:

"A 'sales manager' is not a mere 'salesman,' since the term 'manager' ordinarily means one who has the conduct or direction of anything. Royal Indemnity Co. v. Siders, 257 Ill.App. 100."

Moreover, the statute under which the service in this case was had is as follows (section 847.27, 3 Mo.R.S.A.):

"* * * Service shall be made as follows: * * *

"(c) * * * by delivering a copy of the summons and of the petition to * * * a managing or general agent, * * *."

Since the data in the City Directory shows more than that the defendant or Sales Company was a mere soliciting agent, the defendants should not now be heard to say that they were not doing business in Missouri and not so domiciled as to be liable for service.

See also Brown v. Canadian Pacific Ry. Co., D.C., 25 F.Supp. 566, loc. cit. 568.

The case of Davis v. Baltimore & Ohio R. Co., D.C., 256 F. 407 is helpful by analogy of reasoning. In the latter case no tickets were actually sold or sent into the state for use in any kind of business transacted save only the solicitation of business. It would be idle to say that the defendants did not ship their product into Missouri. The motion to vacate will be overruled.