In the Matter of the Probate of the Last Will of CLARA L. BONESTEEL, Deceased. ANN E. STOWELL, Appellant; UNION NATIONAL BANK OF TROY et al., Respondents.

Third Department, May 16, 1962.

*F. Walter Bliss, John P. Weatherwax* and *James M. Strang* for appellant.

*Wager, Taylor, Howd & Brearton* (*James E. Brearton* and *P. Richard Tuohey* of counsel), for respondents.

*Wertime & Flanagan* for C. Raymond North, executor.

*Per Curiam.* The main problem presented by this appeal is whether the Surrogate acquired jurisdiction by due service of citation on petitioner, a sister of the testatrix, in a proceeding for the probate of the will. Within two hours after the return of the citation the petitioner's attorney asked to appear, but the Surrogate refused to open the default and subsequently denied the formal application after a hearing.

At the time of the purported service of citation on December 13, 1960, the petitioner was 83 years old, was confined to a bed in a nursing home in a state of marked physical infirmity. A physician caring for petitioner testified at the hearing, although he did not there connect the exact date of service, that during this general period at the nursing home, petitioner "was mentally confused"; and that she was "physically bad and

mentally confused '' and '' senile and not able to comprehend at all times ''.

Although there is a dispute in the record about how purported service was made, literal acceptance of the testimony of the process server would lead to the conclusion that the service was indefinite and equivocal and not complete. He testified that he had a conversation with petitioner at her bedside in the nursing home and that he told her he had come '' to see her concerning '' the estate of her sister; that he took the citation out and '' advised her that I had a citation to present to her '' and that the law required her to be served with it.

To this, he testified, she answered that she did not want to be concerned with it; that her son took care of her affairs — whereupon the process server said he was '' unable '' to '' discuss this matter with her son '' but that he '' had to leave the citation with her.'' He continued: '' Again, I offered the citation '' to her, but she was '' a little more adamant '' about not wanting to receive it. He then '' left the citation on the bed with the Will * * * and I left the room in order to see if I could get an envelope that I could put the Will and citation into.''

It seems clear that up to this time no service of process had been made. The citation was left with his hat on the bed, not as an act of service, but to have it convenient so that the process server could again take the paper back into his own possession and control, in order to do something else with it.

This is substantiated by his narrative of a conversation he thereupon had with a Mrs. Woods, who ran the nursing home. The process server testified that he asked Mrs. Woods if she had an envelope because '' I wished to insert some papers that I had to deliver to Mrs. Stowell, leave them in this envelope in order that either she could mail them to her son or give them to him.''

It is clear that in his mind he had not then effected service, that he had still in the future '' to deliver '' the process to petitioner. Having acquired an envelope, he picked up the copy of the will and citation from the bed and took them back into his possession, i.e. '' I * * * took the copy of the Will and citation, folded them up, put them in this envelope ''. He inquired of petitioner for her son's address '' so that I could write it on the envelope '', and, reaching across the bed, he left the envelope on a nightstand. The '' service '' of actual process, assuming that leaving it on a table near the bed was enough, was masked and concealed by being in an envelope, and the person served could, by the conversation of the process server, readily believe that the envelope and its contents were intended for petitioner's son.

The service of process is an act of public power and it should be unconditional and clear. To tell an aged and ill person that the process server is putting process in an envelope to be delivered to another person seems something less than the unconditional service required under the practice.

The bare delivery of the process without explanation is enough; but when such a delivery is either so physically masked as to be misleading or the process server by some act or statement suggests that the process is being left for someone else, the service may well be so equivocal as to be incomplete. This is a question on which the physical and mental condition of the person served may well have relevancy.

For example, the Appellate Term had before it in *Jackson* v. *Schuylkill Silk Mills* (92 Misc. 442) a case where a summons was delivered enclosed in an envelope, a service which the court felt was " contrary to the proper and regular method of service " (p. 446); but it was there held sufficient because the person served immediately opened the envelope and examined the summons. The decision in *Bulkley* v. *Bulkley* (6 Abb. Prac. 307) is an example of an insufficient service based on the misleading acts of the process server.

The object of all service of process is " to give notice to the party on whom service is made, that he may be aware of and may resist what is sought of him " (*Hiller* v. *Burlington & Missouri Riv. R. R. Co.,* 70 N. Y. 223, 227). The party served must " in some substantial form " be apprised of the fact " that service is intended to be made " (*Anderson* v. *Abeel,* 96 App. Div. 370, 373).

Mrs. Woods testified that the envelope was not left in petitioner's room but on a hall table in another room; but accepting the process server's version in full we are of opinion that jurisdiction has not been acquired.

The order should be reversed on the law and the facts and the motion to vacate the decree of probate granted, with costs to petitioner payable from the estate.

HERLIHY, J. (dissenting). In my opinion the service of process was unconditional, effective and complete. First, the process server " advised her that I had a citation to present to her that was returnable in Rensselaer County Surrogate's Court on the 9th day of January, that there was pending probate proceeding in her sister's Will." Secondly, the petitioner refused to receive the citation. Thirdly, in an effort to be accommodating and kind to the elderly woman, he left the citation on her bed, sought an envelope, returned to her bedside and the following took place: " I asked Mrs. Stowell if she would tell me her son's

address so that I could write it on the envelope. With this she said to me ' I told you I didn't want to be bothered with this. Will you please get out? ' With that I expressed my apologies for upsetting her. I said that I had to leave the citation with her anyhow, and there was a night table or a night stand on the opposite side of the bed from where I was standing. I reached across her, placed the envelope containing the copy of the Will and the citation on this night stand, took my hat and empty folder and left.''

The majority opinion cites cases which show that the object of service is to give notice to the party in order that he may take steps to protect his rights. This object was clearly accomplished by the service herein. Reference is made to the physical condition of the petitioner but a reading of the record compels the conclusion that at the particular time and place the petitioner was fully cognizant of the business at hand and wanted her son to look after her business. Prior to the end of December, 1960, the citation was delivered to the son of the petitioner — the return date of the citation was January 9, 1961 — who then, because of inadvertence or neglect, failed to protect his mother's interest until too late. He retained a lawyer who appeared on behalf of petitioner on January 9, 1961, but the decree had already been signed. The Surrogate in his wisdom and judgment provided: '' Ordered that the petition be and it hereby is denied, without prejudice to a renewal thereof upon the proper showing of facts entitling the petitioner to relief, within twenty days of service of a copy of this order with notice of entry ''.

*Process was in every respect completed and perfected.* The young man who made service, because of his desire to be accommodating and helpful to the elderly woman, should not now be charged with failure to effectuate service.

The order should be affirmed.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur in *Per Curiam* opinion; HERLIHY, J., dissents in opinion, and votes to affirm.

Order reversed, on the law and the facts, and the motion to vacate the decree of probate granted, with costs to petitioner payable from the estate.