OPINION OF THE COURT
Richard M. Palmer, J.
The court has held a traverse hearing. Petitioner did not have an attorney and was not entitled to one at public expense under Family Court Act § 262. Both parties testified.
There was only a minor dispute as to the facts.
On June 24th at a graduation exercise at Great Neck Road Elementary School, Bernice T. handed the summons and petition to respondent. They were in a plain envelope addressed to him. Petitioner was present. According to her, respondent dropped the envelope on a table he was standing by. According to him, he handed the envelope back to Bernice. No one said he looked inside the envelope. Bernice is the 18- *1123 year-old daughter of petitioner. Respondent explained his rejection of the envelope by saying that he thought it had to do with an incident involving his stepdaughter with which he did not want to be bothered. Respondent’s attorney contends that for service to be valid, the process server must announce what he is doing or otherwise advise the person to be served of what is being handed to him.
The issue of law presented is whether service of a summons and petition enclosed in a plain envelope is good service if the respondent rejects it without looking inside the envelope and the process server omits to notify the respondent that the rejected envelope contains a summons.
After research the court has been unable to find any case in point.
The following cases are helpful in indicating the answer:
Jackson v Schuylkill Silk Mills (92 Misc 442 [App Term, 1st Dept 1915]); the issue was whether the City Court should have vacated service in New York on a general sales manager of a Pennsylvania corporation. After rejecting the main arguments of the defendant, the court dealt with the last one as follows: "The fact that the summons, when delivered to Roach was enclosed in an envelope, contrary to the proper and regular method of service, does not invalidate the service, because immediately upon its receipt Roach examined the envelope and found therein copies of the summons and complaint.” (Supra, p 446.)
The implication is that service in an envelope is not proper and that it would not have been upheld if Roach had rejected it without looking inside.
Matter of Bonesteel (16 AD2d 324 [3d Dept 1962]); here the court invalidated service on an 83-year-old occupant of a nursing home after a detailed examination of the facts. The citation was left in an envelope and the process server did tell the respondent that he had a citation for her but his statement of what he was doing and would do was found to be equivocal and misleading. The facts are different from the present facts but what the Appellate Division wrote bears noting: "The bare delivery of the process without explanation is enough; but when such a delivery is either so physically masked as to be misleading or the process server by some act or statement suggests that the process is being left for someone else, the service may well be so equivocal as to be incomplete.” (Supra, p 326.)
*1124 Heller v Levinson (166 App Div 673 [1st Dept 1915]); the plaintiff appealed from an order on defendant’s motion to set aside a default judgment. The process server had told the defendant that he had "a little paper” for him. Defendant started to walk away and, as he did so, the process server put the summons and complaint in defendant’s outside pocket. Special Term held service had been ineffectual because the process server did not disclose the nature of the papers or that service of process was intended. The Appellate Division reversed and reinstated the judgment. It held that it was not to be presumed that after the papers had been placed in defendant’s pocket, he subsequently failed to ascertain their contents. In the present case there is no claim that the respondent learned the contents of the envelope.
Bulkley v Bulkley (6 App Prac 307 [Sup Ct, 7th Dist 1858]); a husband said goodbye to his wife on board a vessel at dock shortly before she was to sail on a long voyage to California. His process server, not identified as such, handed her a package which the husband described as a present. In fact, it contained a summons and complaint for divorce. When the wife opened it she was out to sea. Months later when the wife returned from California, the court held her default should be set aside. This case is still cited occasionally. If the petitioner in the present case had served the summons and petition in an envelope to mislead the husband, then the service would clearly be no good. There is no evidence she had any fraudulent intent here; she might have put the papers in an envelope to avoid the possibility that respondent would not have taken an obvious summons into his hand. However, her motive might just as easily have been to try to avoid exposing his and her personal litigation at a public gathering.
Bossuk v Steinberg (58 NY2d 916 [1983]); here, the process server identified himself as such and announced his purpose to the persons being served. They refused to open the door so the process server said he was leaving the papers on the stoop for them and did so. The service was held good. The Court of Appeals ruled that if the person to be served takes evasive action he need not actually receive the papers provided that he is made aware that service of process is being made. (See also, Anderson v Abell, 96 App Div 370 [1st Dept 1904] for a similar opinion.)
There was a time when service of process was a symbolic arrest as under a capias ad respondendum. In earlier days it might have been argued that the service here was good, even *1125 though respondent was not given notice, because the process server had succeeded in handing him the papers. But the emphasis of the law now is on the giving of notice and an opportunity to be heard rather than on form. (Cf. Roth v W. T. Cowan, Inc., 97 F Supp 675 [US Dist Ct, EDNY 1951].)
These and other authorities have persuaded the court that, while there is no general rule which requires that a process server announce that he is making service when he does so, it is required that, if the respondent evades or rejects the service, the process server cannot leave in silence but must announce his action. Siegel, NY Prac, at 68 (1978) is in accord.
The petitioner and her daughter did not see that notice was given in the present case when they, attempted service on June 24th. Therefore, the objection by respondent should be sustained and the service should be set aside.
The court is not approving the evasive action of the respondent; it is expressing its opinion of what the governing law is and applying it to a close case.
The petitioner may believe that she did nothing wrong by using an envelope, especially since there was nothing in the instructions from the clerk’s office that said she could not. However, her judgment in letting respondent reject the process without warning him of the consequences was questionable.