(August 31, 1992)

■ MAUD BROWN, Also Known as HELMA M. BROWN, Respondent, v WILLIAM H. PERLOW, M.D., P. C., Appellant.—In a medical malpractice action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated September 4, 1990, which, after a hearing, denied his motion to dismiss the complaint on the ground that the court lacked personal jurisdiction over him.

Ordered that the order is affirmed, with costs.

We conclude that the testimony by the plaintiff's process server, which was credited by the hearing court, was sufficient to establish that the defendant was properly served with process *(see, Rowlan v Brooklyn Jewish Hosp.,* 100 AD2d 844). This case is distinguishable from *Kaszovitz v Weiszman* (110 AD2d 117), wherein the plaintiff relied exclusively on her process server's affidavit of service, insufficient on its face to sustain service. Here, the plaintiff's process server testified that her original affidavit of service had been prepared in error, and failed to state that a copy of the summons and complaint had been mailed to the defendant's residence, as required at the time the action was commenced under CPLR 308 (2). Under the circumstances of this case, we decline to disturb the hearing court's determination with respect to her

credibility. Harwood, J. P., O'Brien, Ritter and Copertino, JJ., concur.