■ TARA OLIJARCZYK-VEGA et al., Appellants, v CITY OF YONKERS, Respondent, et al., Defendant. [911 NYS2d 915]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Smith, J.), dated November 16, 2009, which, in effect, granted that branch of the motion of the defendant City of Yonkers which was to dismiss the complaint insofar as asserted against it for failure to serve a timely notice of claim in accordance with General Municipal Law § 50-e.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The Supreme Court properly held a hearing to determine whether the defendant City of Yonkers had been properly and timely served with a notice of claim in accordance with General

Municipal Law § 50-e. However, rather than making a determination on the basis of the evidence that was adduced at the hearing, the Supreme Court incorrectly concluded that, as a matter of law, the plaintiff's failure to present a contemporaneous affidavit of service necessitated a determination that the City was not timely served (*cf. Brown v William H. Perlow, M.D., P.C.*, 185 AD2d 966 [1992]; *see generally* General Municipal Law § 50-e [3] [a]). Accordingly, we remit the matter to the Supreme Court, Westchester County, to re-open the hearing, if necessary, and for a new determination thereafter, based upon the hearing evidence. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.