■ In the Matter of ROSELINE IHIM, Respondent, v CHRISTO-PHER IHIM, Appellant. [956 NYS2d 907]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Freeman, J.), dated September 15, 2011, as denied his objections to so much of an order of the same court (Mayeri, S.M.), dated June 22, 2011, as, after a hearing, denied his motion to vacate an order of child support of the same court (Levy, S.M.), dated July 24, 2003, made upon his default in appearing.

Ordered that the order dated September 15, 2011, is affirmed insofar as appealed from, without costs or disbursements.

In this child support proceeding, the father failed to appear and, on his default, the Support Magistrate entered an order of child support dated July 24, 2003, which directed him to pay child support in the sum of $2,590.30 per month. The father subsequently moved to vacate that order of child support on the ground that he was never properly served with the summons and petition.

The Support Magistrate held a hearing to determine the validity of service of process upon the father. At the hearing, the process server, the mother, and the father testified. After the hearing, the Support Magistrate determined that the father had been properly served in Nigeria pursuant to CPLR 313 and 308 (1). Accordingly, by order dated June 22, 2011, the Support Magistrate, among other things, denied the father's motion to vacate the order of child support dated July 24, 2003. By order dated September 15, 2011, the Family Court, inter alia, denied the father's objections to that determination.

The Support Magistrate's determination is entitled to deference since she was in the best position to assess the credibility of the witnesses (*see Matter of Oshodi v Olouwo*, 94 AD3d 896 [2012]; *Matter of Cordero v Olivera*, 40 AD3d 852 [2007]). Contrary to the father's contention, the Support Magistrate properly determined that the mother established, by a preponderance of

the evidence, that service of process upon the father was valid, as the process server personally delivered the summons and petition to him in Nigeria (*see* CPLR 308 [1]; CPLR 313; *Brown v William H. Perlow, M.D., P.C.*, 185 AD2d 966 [1992]; *Rowlan v Brooklyn Jewish Hosp.*, 100 AD2d 844 [1984]; *cf. Matter of Bertha G. v Paul T.*, 133 Misc 2d 1122, 1125 [1986]; *cf. also Matter of Bonesteel*, 16 AD2d 324, 326 [1962]).

Accordingly, the Family Court correctly denied the father's objections to the Support Magistrate's determination. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.