■ In the Matter of SOLANGEE Z., Respondent, v KAHIR E., Appellant. [967 NYS2d 46]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about December 20, 2007, which, to the extent appealed from as limited by the briefs, denied respondent father's motion to dismiss petitioner mother's petition for custody of the parties' youngest child, and order, same court (Gloria Sosa-Lintner, J.), entered on or about December 1, 2010, which, to the extent appealed from as limited by the briefs, granted the mother's petition for sole custody of, and sole medical decision-making for, the child, and awarded the father alternative week visitation, unanimously affirmed, without costs.

Petitioner met her burden of demonstrating by a fair preponderance of the evidence that respondent had been properly served with the petition (*see Tirado v City of New York*, 200 AD2d 383 [1st Dept 1994]). Petitioner's coworker, who had seen respondent in the past and knew him to be the child's father, testified that he served the petition on the father at the child's school. The court found the coworker's testimony

to be credible, and there is no basis to disturb that credibility determination (*id.*; *Matter of Tiffany E.*, 214 AD2d 469 [1st Dept 1995]).

The court properly elected to proceed with the custody hearing even though respondent had not received responses to his interrogatories, because he ignored the court's prior instruction to obtain leave of court before seeking such discovery (*see* CPLR 408).

The record supports the court's determination that the child's best interests would be served by awarding petitioner sole custody and sole authority for medical decision-making (*see Matter of Frank M. v Donna W.*, 44 AD3d 495, 495-496 [1st Dept 2007]). The record shows that respondent refused to permit his daughter, the parties' oldest child, to undergo required surgery and refused to comply with the court's directives concerning a psychiatric evaluation for the younger child. Further, the court-appointed psychiatric expert stated that the younger child would benefit from a transfer of custody to petitioner. Concur—Gonzalez, P.J., Sweeny, Richter and Clark, JJ.