Matter of Erika G. v Jason B. (2020 NY Slip Op 03226)





Matter of Erika G. v Jason B.


2020 NY Slip Op 03226


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-03009
 (Docket Nos. P-4742-17, F-4742-17)

[*1]In the Matter of Erika G. (Anonymous), respondent,
v
Jason B. (Anonymous), appellant


Charles L. Emma, Brooklyn, NY (Marisa Falero of counsel), for appellant.
Myra E. Shapiro, Forest Hills, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Jason B. appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated February 20, 2019. The order denied Jason B.'s objections to an order of the same court (Michael Fondacaro, S.M.), dated December 19, 2018, which, after a hearing, denied Jason B.'s motion to vacate an order of filiation of the same court (Michael Fondacaro, S.M.), dated February 1, 2018, and an order of support of the same court (Michael Fondacaro, S.M.), dated March 9, 2018.
ORDERED that the order dated February 20, 2019, is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 5 to adjudicate the appellant to be the father of the subject child. Upon the appellant's default, the Family Court entered an order of filiation dated February 1, 2018, and an order of child support dated March 9, 2018. In August 2018, the appellant moved to vacate those orders on the ground that he was never served with the petition. In an order dated December 19, 2018, after conducting a traverse hearing, the Support Magistrate denied the appellant's motion. The appellant filed objections to the order dated December 19, 2018, and in an order dated February 20, 2019, the Family Court denied the appellant's objections. This appeal ensued.
In paternity and support proceedings, personal service of the summons and petition may be made by delivery of a true copy thereof to the person summoned at least eight days before the time stated therein for appearance, or by delivery of a true copy thereof to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing a true copy thereof to the person to be served at his last known residence at least eight days before the time stated in the summons for appearance (see Family Ct Act §§ 427[a]; 525[a]; Matter of Mary A.G. v Ira T.B., 157 AD3d 951, 952). Service by other means is permissible, " but only after reasonable effort[s]' to effect personal service have been made and then only pursuant to a court order providing for substituted service in the manner provided for substituted service in the [CPLR]'" (Matter of Grill v Genitrini, 168 AD3d 731, 732, quoting Matter of Semenova v Semenov, 85 AD3d 1036, 1038 [internal quotation marks omitted]; see Family Ct Act §§ 427[b]; 525[b]). Here, contrary to the appellant's contention, the record reflects that the petitioner made reasonable efforts to personally serve him, and the Support Magistrate providently [*2]exercised his discretion in directing substitute service.
"Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service" (Matter of Mary A.G. v Ira T.B., 157 AD3d at 952; see FV-1, Inc. v Reid, 138 AD3d 922, 923). However, where this prima facie showing is rebutted, the "petitioner must establish at a hearing personal jurisdiction by a preponderance of the evidence" (Matter of Mary A.G. v Ira T.B., 157 AD3d at 952; see Velez v Forcelli, 125 AD3d 643, 644). "Moreover, the burden of proof does not shift during the hearing. Rather it rests at all times' upon the . . . petitioner" (Matter of Mary A.G. v Ira T.B., 157 AD3d at 952, quoting Lexington Ins. Co. v Schuyler Bumpers, 125 AD2d 554, 554). "The Support Magistrate's determination is entitled to deference," since he or she "was in the best position to assess the credibility of the witnesses" (Matter of Ihim v Ihim, 102 AD3d 694, 694). Here, the record reflects that the petitioner met her burden of demonstrating that she properly effectuated substitute service by a preponderance of the evidence (see Matter of Solangee Z. v Kahir E., 107 AD3d 428, 428-429). We therefore agree with the Family Court's determination denying the appellant's objections to the order dated December 19, 2018.
The appellant's contentions that the process server used an improper envelope and that the petitioner failed to file timely proof of affix and mail service are unpreserved for appellate review (see Matter of Esposito v Rosa, 172 AD3d 858, 858), and, in any event, without merit (see CPLR 308[4]; McCormack v Gomez, 137 AD2d 504, 505).
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court