Matter of Thomas v Francis (2020 NY Slip Op 05214)





Matter of Thomas v Francis


2020 NY Slip Op 05214


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-10744
 (Docket No. F-1005-15)

[*1]In the Matter of Laurel Thomas, respondent,
v
Clinton Francis, appellant.


Clinton Francis, Tucker, Georgia, appellant pro se.
Laurel Thomas, Elmont, NY, respondent pro se (no brief filed).



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated August 12, 2019. The order denied the father's objections to an order of the same court (Lisa M. Williams, S.M.) dated June 12, 2019, which, after a hearing, and upon findings of fact also dated June 12, 2019, denied his motion to vacate his default in appearing or answering the petition.
ORDERED that the order dated August 12, 2019, is affirmed, without costs or disbursements.
The mother commenced this support proceeding against the father in January 2015. In March 2015, after the father failed to appear or answer the petition, the Support Magistrate issued an order of child support upon his default. In an order dated December 27, 2018, the Support Magistrate denied the father's motion to vacate the order of child support. The father filed objections to the order dated December 27, 2018, contending, inter alia, that he was living and working in Louisiana on the alleged date of service of the petition. In February 2019, the Family Court granted the father's objections to the extent of vacating the order dated December 27, 2018, and remitting the matter to the Support Magistrate to conduct a hearing to determine the validity of service of process.
After the hearing, in an order dated June 12, 2019, the Support Magistrate denied the father's motion to vacate. The father filed objections to the order dated June 12, 2019, and the Family Court denied those objections in an order dated August 12, 2019. The father appeals.
"At a hearing to determine the validity of service of process, the burden of proving personal jurisdiction is upon the party asserting it, and that party must sustain that burden by a preponderance of the credible evidence" (Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505; see Matter of Erika G. v Jason B., 184 AD3d 639, 639-640). "'[T]he burden of proof does not shift during the hearing. Rather it rests at all times upon the . . . petitioner'" (Matter of Erika G. v Jason B., 184 AD3d at 640, quoting Matter of Mary A.G. v Ira T.B., 157 AD3d 951, 952 [internal quotation marks omitted]). "[T]he credibility determinations of the hearing court are entitled to great deference on appeal and will not be disturbed unless they are against the weight of the credible evidence" (Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019; see Matter of Erika G. v Jason [*2]B., 184 AD3d at 640).
Here, the record demonstrates that the mother met her burden of establishing, by a preponderance of the evidence, that she properly effectuated personal service (see Matter of Erika G. v Jason B., 184 AD3d at 640; Bank of Am., N.A. v Budhan, 171 AD3d 622, 622; SDF7 Richmond, LLC v Rich-Nich Realty, LLC, 132 AD3d 838, 839; Matter of Ihim v Ihim, 102 AD3d 694; King v Gil, 69 AD3d 678). The Support Magistrate's determination that the testimony of the process server and the mother was more credible than the testimony of the father and his employer is entitled to great deference on appeal, and there is no basis in the record to disturb this determination (see Bank of Am., N.A. v Budhan, 171 AD3d at 622; SDF7 Richmond, LLC v Rich-Nich Realty, LLC, 132 AD3d at 839; Matter of Ihim v Ihim, 102 AD3d at 694; King v Gil, 69 AD3d 678).
The father's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination to deny the father's objections to the Support Magistrate's order dated June 12, 2019.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court