Matter of Borrero v Banks (2023 NY Slip Op 00231)

Matter of Borrero v Banks

2023 NY Slip Op 00231

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 101077/21 Appeal No. 17132 Case No. 2022-00854 

[*1]In the Matter of Jason Borrero, Petitioner-Appellant,
v
Steven Banks, etc., et al., Respondents-Respondents, Barbara C. Guinn, etc., et al., Respondents.

Jason Borrero, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for City respondents.

Judgment (denominated an order) of the Supreme Court, New York County (Frank P. Nervo, J.), entered January 18, 2022, denying the petition that sought to remove petitioner's name from the New York State's putative father registry, to prevent respondents New York City Department of Social Services (DSS), and New York State Office of Temporary Disability Assistance (OTDA) from enforcing a March 9, 2018 Family Court child support order, and to compel respondents to provide employment information of DSS employees in accordance with a Freedom of Information Law (FOIL) request, and dismissing this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
DSS's denial of petitioner's request to remove his name from the registry and adjust his child support obligation to zero was not arbitrary and capricious, as DSS is required by law to enforce child support orders issued under the Family Court Act (CPLR 7803[3]; Social Services Law §§ 111-c[2][d], 111-h[1]; see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). DSS was also bound by the denial, after a traverse hearing in Family Court, of petitioner's motion to vacate the order of filiation and resulting child support order that were entered upon his default, because the denial was upheld on direct appeal (Matter of Erika G. v Jason B., 184 AD3d 639, 639-640 [2d Dept 2020]). Moreover, since the validity of the Family Court orders was upheld, petitioner has no clear legal right to compel respondents to remove his name from the registry, which "shall record the names and addresses of . . . any person adjudicated by a court of this state to be a parent of a child out of wedlock" (Social Services Law § 372-c[1][a]; see CPLR 7803[1]; see Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]).
To the extent that petitioner seeks in this proceeding to vacate the Family Court support and filiation orders, his application fails, as CPLR article 78 "shall not be used to challenge a determination . . . which was made in a civil action or criminal proceeding" other than a "summary contempt" finding (CPLR 7801[2]; see Matter of Gench v Manchester Realty Assoc., 106 AD3d 735, 736 [2d Dept 2013]).
As to the FOIL requests made to OTDA, we find that petitioner did not exhaust his administrative remedies regarding those requests. There is no FOIL request to DSS in the record (see Public Officers Law § 89[3][a]), and OTDA's decision on petitioner's administrative appeal was still outstanding when this proceeding was commenced (CPLR 7801[1], see Public Officers Law § 89[4][a]-[b]; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Were we to review the partial denial by OTDA, we would find the decision rational, as OTDA certified that it conducted a diligent search and did not have the requested records concerning DSS employees (Public Officers Law § 89[3][a]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023