Matter of Annette R. v Dakiem E.D. (2024 NY Slip Op 00175)

Matter of Annette R. v Dakiem E.D.

2024 NY Slip Op 00175

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Dkt No. V-0274-17/18A, V-0274-17/21B Appeal No. 1424 Case No. 2022-01138 

[*1]In the Matter of Annette R., Petitioner-Respondent,
v
Dakiem E.D., Respondent-Appellant. 

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Cahill Gordon & Reindel LLP, New York (Ivan Torres of counsel), for respondent.
Law Office of Bryan Greenberg LLC, New York (Bryan S. Greenberg of counsel), attorney for the child.

Order, Family Court, New York County (Stephanie Schwartz, Referee), entered on or about March 1, 2022, which, to the extent appealed from as limited by the briefs, after a hearing, granted the mother's petition to modify a November 30, 2017 consent order of joint custody to the extent of granting her sole legal and physical custody with respect to decision-making authority on medical issues, and ordering respondent father to continue with the parenting schedule in effect since May 2019, unanimously affirmed, without costs.
Given the father's conduct concerning the child's medical condition, Family Court's decision to modify custody based on a change in circumstances and the best interests of the child has a sound and substantial basis in the record (see Matter of Solangee Z. v Kahir E., 107 AD3d 428, 429 [1st Dept 2013]; Trinh Quoc Tran v Tau Minh Tran, 277 AD2d 49, 49 [1st Dept 2000], lv dismissed 96 NY2d 853 [2001]). The record shows that the father, notwithstanding medical evidence to the contrary, expressed doubt that the child has asthma and testified that the child never experiences asthma symptoms while in his care, failed or refused to communicate with the mother about the child's medical condition, neglected or refused to administer the child's asthma medication, and failed to abide by court-directed COVID safety measures while the child was in his care. Furthermore, the record does not support the father's assertions that he has complied for several years with the doctor's recommendations and has communicated with the mother every time the child needed the rescue inhaler, nor does the father present any reason to revisit Family Court's determination that the mother consistently and responsibly handled the child's medical care (see e.g. Matter of Martinez v Driscoll, 209 AD3d 653, 655 [2d Dept 2022], lv denied 39 NY3d 907 [2023]).
Furthermore, we reject the father's argument that Family Court abused its discretion in continuing the visitation schedule that eliminated back-to-back overnight visitation and provides for overnights with the child on Tuesdays and Fridays — an arrangement this Court previously affirmed (see Matter of Annette R. v Dakiem E.D., 185 AD3d 465 [1st Dept 2020]). Although the father avers that he is the parent who is more physically active with the child, he cites no authority to show that this assertion,
even assuming it to be true, outweighs the other concerns that prompted Family Court to maintain the visitation schedule.
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024